In re the MARRIAGE OF Harry J. SMITH and Deborah A. Smith.

Upon the Petition of Harry J. Smith, Appellee,

And Concerning Deborah A. Smith, Appellant.

No. 92–106.

Court of Appeals of Iowa.

May 4, 1993.

Steven E. Mayer of Mayer, Mayer, Lonergan & Rolfes, Clinton, for appellant.

James D. Bruhn of Farwell & Bruhn, Clinton, for appellee.

Considered by OXBERGER, C.J., and DONIELSON and HAYDEN, JJ.

HAYDEN, Judge.

Harry and Deborah Smith were married in 1962. The parties' have four children, two of whom were emancipated at the time of the parties' divorce in 1986. Pursuant to the divorce decree, the parties were awarded joint custody of their two minor sons. The two children were born on July 1, 1974. The district court awarded physical custody of the boys to Harry. The custody arrangement provided for a liberal visitation schedule. In addition to summer and holiday visitation, Deborah was awarded custody of the boys on evenings and weekends during which Harry worked. As a result of the parties' financial and other circumstances, the district court did not order child support, but reserved jurisdiction on the issue should circumstances change.

On April 3, 1991, Harry filed the present application for modification of the decree, requesting the district court order Deborah to pay him child support. Harry contended the cost of raising the two boys had increased significantly and Deborah now earned income sufficient to justify the imposition of a child support obligation. Deborah resisted the application, arguing Harry's salary had increased significantly since the filing of the original decree. Deborah points out Harry was earning approximately $38,000 per year at Quantum Chemical Company when the parties were divorced. At the time of the modification hearing, Harry's salary had increased to $49,000 per year. Deborah also contends the two boys reside with her one-third of the time, and she pays for all their food and clothing without any help from Harry.

The district court found Harry had proven a substantial and material change of circumstances to justify modification. The court found Deborah's relocation from the town in which Harry and the children resided would decrease her availability to house and feed the children. The court also noted Deborah planned to remarry in the fall of 1991. Deborah's future husband is a pipe fitter who earns approximately $40,-000 per year. The district court found Harry's gross income had increased $11,-000 and Deborah's gross income had increased $5,000 since the issuance of the original dissolution decree. The court ordered Deborah to pay $86.50 per week in

child support. Deborah appeals and Harry cross-appeals.

Deborah argues there has been no substantial change in circumstances since the issuance of the original decree. Deborah points out Harry's income has risen substantially, while her income has increased only modestly. Deborah argues moving twenty miles away has not changed any aspect of the parties' lives because the children still reside with her as much as ever. Deborah also contends the district court should have prorated the support based on the amount of time the children are living with her. On cross-appeal, Harry contends the district court erred in not requiring Deborah's child support obligation to be retroactive to the date on which his modification application was filed.

Our review of this equity action is de novo. Iowa R.App.P. 4. While we are not bound by the findings of the district court, we do give weight to them especially when considering the credibility of witnesses. *In re Marriage of Mayer*, 347 N.W.2d 681, 682–83 (Iowa App.1984). Nevertheless, the district court has reasonable discretion in determining whether modification is warranted and such discretion will not be disturbed on appeal unless there is a failure to do equity. *In re Marriage of Kern*, 408 N.W.2d 387, 389 (Iowa App.1987) (citing *In re Marriage of Vetternack*, 334 N.W.2d 761, 762 (Iowa 1983)).

I. *Modification of Child Support.* In *In re Marriage of Schlenker*, the Iowa Supreme Court expressed disfavor for a decree, such as the one in this case, that retains jurisdiction to review child support at a later date. *In re Marriage of Schlenker*, 300 N.W.2d 164, 165 (Iowa 1981). Although retention of jurisdiction is discouraged, it is not forbidden. *In re Marriage of Sjulin*, 431 N.W.2d 773, 776 (Iowa 1988). Harry argues the trial court's reservation of jurisdiction eliminates the requirement to prove a substantial and material change of circumstances in order to justify modification. We reject Harry's argument. The general rule is a substantial and material change of circumstances must

be proven before a court may review the child support provisions of a decree in which the district court retained jurisdiction. *Id.* "Only when the decree unequivocally provides for later trial court review without the necessity of showing a change of circumstances will we find this was the court's intent." *Id.* We find the language of this decree did not unequivocally provide for later review without proof of a change of circumstances. To justify a modification of the child support provision, " 'some material change must be shown in the circumstances of the parties, financially or otherwise, making it equitable that other or different terms be imposed.' " *In re Marriage of Feustel*, 467 N.W.2d 261, 263 (Iowa 1991) (quoting *In re Marriage of Jensen*, 251 N.W.2d 252, 254 (Iowa 1978) (citation omitted)).

We find there are material and substantial changes in the circumstances of this case which justify a modification of the child support provisions of the parties' original dissolution decree. " 'We may weigh factors of increased school and medical expenses, and the needs of growing children.' " *In re Marriage of Stutsman*, 311 N.W.2d 73, 76 (Iowa 1981) (quoting *Spaulding v. Spaulding*, 204 N.W.2d 634, 636 (Iowa 1973)). The parties' sons were twelve years old at the time of the dissolution. At the modification proceeding, the boys were seventeen years old. The maturing of the children has brought increased living and educational expenses.

The change in the parties' financial conditions also supports modification of the child support provisions. Pursuant to the original dissolution decree, Deborah was not obligated to pay child support. A continuation of this situation would go against a policy of this State in that every parent must contribute to the support of his or her children in accordance with the means available. Iowa Child Support Guidelines (1992); *In re Marriage of Fleener*, 247 N.W.2d 219, 221 (Iowa 1976) (parents have a legal obligation to support their children); *In re Marriage of Bornstein*, 359 N.W.2d 500, 504 (Iowa App.1984) (child support ob-

ligations should be apportioned according to the ability of each parent to contribute). The Iowa Supreme Court has stated the child support provisions of a dissolution decree will not be modified unless it is proven by a preponderance of the evidence that its enforcement will be attended by positive wrong or injustice as a result of material and substantial changes in circumstances since the date of the modification order. *Mears v. Mears*, 213 N.W.2d 511, 517 (Iowa 1973) (citing *Spaulding*, 204 N.W.2d at 635). It would be unjust to allow Deborah to continue not paying child support. Deborah's income has increased to a level under which a child support obligation must be imposed. At the time of the dissolution, Deborah's income was only sufficient to support herself. At that time, Deborah's gross annual income was approximately $12,000. She currently earns $16,620 annual gross pay and $3,200 annual investment earnings. She was also planning to be married within months of the modification hearing. Deborah's future husband earns $40,000 per year. While he has no obligation to support the two boys, it is proper to consider Deborah's overall financial condition in fixing the amount of her child support obligation. *Page v. Page*, 219 N.W.2d 556, 558 (Iowa 1974).

The aggregation of all of these changed circumstances justifies modification of the child support provisions of the original dissolution decree. Imposition of a child support obligation upon Deborah is equitable and furthers the best interests of her children. We affirm the district court on this issue.

II. *Retroactive Child Support.* Harry requests child support retroactive to the date on which the application for modification was served on Deborah, which was April 8, 1991. The district court found it would be inequitable to impose child support earlier than the date of its modification order.

Iowa Code section 598.21(8) provides "[a]ny modification of child support brought under this [section] can be made retroactive only to the date on which the notice of the pending petition for modification is served on the opposing party." Iowa Code § 598.21(8) (1991). The section does not mandate retroactive application. *Id.* We recognize the changed circumstances upon which this court relies occurred or arose closer to the date on which the modification hearing was held rather than the date on which Harry filed the petition for modification. At the modification hearing, which was held on August 27, 1991, Deborah testified her most recent raise had just become effective on July 1, 1991. She also testified she was to be married October 12, 1991, and relocating to Dewitt, Iowa. The modification hearing also coincided with the start of the boys' junior year of high school and thus their educational and recreational expenses would be increasing. In light of the circumstances justifying modification and their proximity to the date of the modification hearing, we conclude an imposition of child support retroactive to the date on which the modification petition was filed is not appropriate in this case. We affirm the district court on this issue.

III. *Attorney Fees.* Harry seeks attorney fees for this appeal. An award of attorney fees is not a matter of right, but rests within the court's discretion and the parties' financial positions. *In re Marriage of Giles*, 338 N.W.2d 544, 546 (Iowa. App.1983). We are to consider the needs of the party making the request, the ability of the other party to pay, and whether the party making the request was obligated to defend the trial court's decision on appeal. *In re Marriage of Castle*, 312 N.W.2d 147, 150 (Iowa App.1981). We decline to award attorney fees on appeal. Each party shall be responsible for his or her attorney fees on appeal. Costs of this appeal shall be assessed to Deborah.

**AFFIRMED.**