**In re the MARRIAGE OF Debbie S. EASTRIDGE and Gary L. Eastridge.**

**Upon the Petition of**

**Debbie S. Eastridge, Appellee,**

**and**

**And Concerning**

**Gary L. Eastridge, Appellant.**

**No. 94–145.**

Court of Appeals of Iowa.

Jan. 23, 1995.

Thomas J. McCann, Peddicord, Wharton, Thune & Spencer, Des Moines, for appellant.

William J. Schadle, Legal Aid of Polk County, Des Moines, for appellee.

Considered by HAYDEN, P.J., and SACKETT and HUITINK, JJ.

658 656

HAYDEN, Presiding Judge.

The marriage of Gary and Debbie Eastridge was dissolved by a decree entered on July 16, 1992. The decree required Gary to pay $940 per month in child support to Debbie for their three children. The district court based its child support award on its finding that Gary had a gross annual income of $36,000 and a net annual income of $27,500.

On May 3, 1993, Gary filed a petition for modification seeking to reduce his child support obligation based on a decrease in projected overtime earnings at Federal Express. At the modification hearing, Gary's supervisor testified his goal was to reduce overtime at the Des Moines office to eight percent. Gary introduced an exhibit showing his gross earnings were (1) $36,937 in 1988, including 327 overtime hours; (2) $36,746.67 in 1989, including 287 overtime hours; (3) $37,783 in 1990, including 354 overtime hours; (4) $37,934 in 1991, including 339 overtime hours; and (5) $43,148 in 1992, including 522 overtime hours. The year-to-date figures through October 21, 1993, showed Gary had earned $30,473, including 213 overtime hours.

The supervisor testified the 1993 overtime was an anomaly due to the flood. He further testified there would be very few overtime hours for Gary in the future.

Gary testified he did not think he would continue to get overtime hours. He indicated his net monthly income had declined from $2392 at the time of the decree to $1785 at the time of the hearing. Gary admitted his 1993 gross income would be almost $36,000 but emphasized his future earnings would be lower. He acknowledged receiving a forty-three-cent-per-hour raise in 1993, but noted it was his first increase in four years.

The district court estimated Gary's gross income in 1994 would be $33,179 based on a forty-hour work week plus eight percent overtime. The court accordingly reduced Gary's child support obligation to $866 per month beginning January 1, 1994. The court retained jurisdiction to make adjustments at the end of 1994 if the figures supplied were not accurate.

Gary filed an Iowa Rule of Civil Procedure 179(b) motion, claiming his support obligation should have been further reduced due to the decline in his net income. The district court denied the motion.

Gary appeals. Gary contends the trial court erred in refusing to further reduce his child support obligation due to decreased net income attributable to projected lost overtime wages.

Our review of a trial court's modification of a dissolution decree is de novo. Iowa R.App.P. 4; *In re Marriage of Lee,* 486 N.W.2d 302, 304 (Iowa 1992).

The trial court may modify orders for child support when there is a substantial change in circumstances. Iowa Code § 598.21(8) (1993). By statute, specific factors are to be considered in making this determination. Iowa Code § 598.21(8), (9). These factors include change in employment, earning capacity, and income of the parties. Iowa Code § 598.21(8)(a).

In this case, there was evidence Gary had a significant reduction in his overtime pay and this would continue in the future. Based on this evidence, the trial court lowered Gary's child support payments. Gary argues the trial court should have lowered his child support payments still further. However, the trial court's modification of child support payments will not be disturbed on appeal in the absence of a failure to do equity. *In re Marriage of Smith,* 501 N.W.2d 558, 560 (Iowa App.1990). Under this record, we cannot say the trial court failed to do equity. The trial court's ruling substantially complies with child support guidelines. Iowa Code § 598.21(4) (1993). We affirm.

Costs on appeal are to be divided evenly between the parties. Judgment of the trial court affirmed.

**AFFIRMED.**