**IN THE COURT OF APPEALS OF IOWA**

No. 20-0382
Filed March 17, 2021

**IN RE THE MARRIAGE OF CHRISTOPHER DAUTERIVE
AND TRICIA DAUTERIVE**

**Upon the Petition of
CHRISTOPHER DAUTERIVE,**
          Petitioner-Appellee,

**And Concerning
TRICIA DAUTERIVE,**
          Respondent-Appellant.
_____

          Appeal from the Iowa District Court for Polk County, Scott D. Rosenberg,

Judge.


          Tricia Dauterive appeals from an order recalculating child support

obligations. **AFFIRMED.**



          Jessica A. Millage of Cordell Law, LLP, Des Moines, for appellant.

          Karen A. Taylor of Taylor Law Offices, P.C., Des Moines, for appellee.



          Considered by Mullins, P.J., and May and Schumacher, JJ.

**MAY, Judge.**

Tricia Dauterive appeals from an order recalculating child support. She argues the district court (1) misunderstood the cost of health insurance for a child and, as a result, miscalculated child support; and (2) erred by failing to state an effective date for the revised child support calculation. We affirm.

Tricia and Christopher Dauterive have one minor child, L.D. They divorced in 2014. In 2015, Tricia filed a modification action. In its modification decree, the district court revised Christopher's child support obligation. Tricia appealed. The supreme court transferred the case to us. We ordered a limited remand. We stated, in pertinent part:

> [W]e must remand for recalculation of child support as specified by the present-day child support guidelines. . . . [T]he district court should clarify which party is responsible for maintaining health insurance for L.D. and consider those premiums when calculating child support.

*In re Marriage of Dauterive*, No. 18-0381, 2019 WL 1056816, at *6 (Iowa Ct. App. Mar. 6, 2019).

After procedendo issued, both parties filed revised child support guidelines worksheets in the district court. Through these worksheets, the parties provided the court with their proposed calculations of child support.

The district court held a brief hearing. Both parties provided argument. But neither party provided evidence to support their proposed child support calculations. For example, although each party's calculation included—indeed, relied upon—an estimate of the cost for L.D.'s health insurance, neither party provided evidence of the actual cost to insure L.D.

Consistent with our remand instructions, the district court entered an order (1) specifying which parent (Tricia) must maintain health insurance for L.D; and (2) setting a revised amount for Christopher's monthly child support payment. The order did not explain what assumptions the court had relied on when recalculating child support. For example, the order included no finding as to the actual cost of L.D.'s health insurance. Nor did the order state an effective date for its revised child support calculation. But neither party filed a motion asking the court to address these issues or to otherwise change its order.

Now Tricia appeals. She argues the district court (1) relied on an incorrect assumption about the cost of L.D.'s health insurance and (2) should have stated an effective date for the revised child support calculation. Our review is de novo. *In re Marriage of Smith*, 501 N.W.2d 558, 560 (Iowa Ct. App. 1993).

We begin by considering Tricia's argument about the cost of health insurance. Tricia contends the district court erroneously relied on Christopher's proposed child support worksheet, which claimed that L.D.'s health insurance costs $75.00 per month. Instead, Tricia argues the district court should have relied on *her* child support guidelines sheet, which claimed that L.D.'s health insurance costs $241.67 per month.

Before reaching the merits of Tricia's argument, however, we must consider error preservation. *See State v. Tidwell*, No. 13-0180, 2013 WL 6405367, at *2 (Iowa Ct. App. Dec. 5, 2013) (noting "our error preservation rules are, arguably, statutorily required" (citing Iowa Code § 602.5103(1) (2011))); *see also Top of Iowa Co-op. v. Sime Farms, Inc.*, 608 N.W.2d 454, 470 (Iowa 2000) (noting appellate courts may raise error preservation on their own motion). "It is a fundamental

doctrine of appellate review that issues must ordinarily[1] be both raised and decided by the district court before we will decide them on appeal." *Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002). This doctrine applies equally to equity cases. *In re Marriage of Full*, 255 N.W.2d 153, 156 (Iowa 1977) ("In equity matters, such as this, where our review is de novo, . . . it is our responsibility to review the facts as well as the law and determine from the credible evidence rights anew on those propositions properly presented, *provided issue has been raised and error, if any, preserved in the trial proceedings.*" (emphasis added)); *accord In re Marriage of Okland*, 699 N.W.2d 260, 270 (Iowa 2005) (refusing to consider unpreserved argument in appeal from modification orders); *In re Marriage of Greenspon*, No. 19-1382, 2020 WL 5650479, at *5 (Iowa Ct. App. Sept. 23, 2020) (declining to address unpreserved issue on appeal from modification order); *In re Marriage of Hoffmeyer*, No. 19-1427, 2020 WL 1887954, at *2 (Iowa Ct. App. Apr. 15, 2020) ("Because Carl's due process argument was not raised or ruled on by the district court, it was not preserved for our review."); *In re Marriage of Tieskoetter*, No. 16-2111, 2018 WL 558509, at *8 (Iowa Ct. App. Jan. 24, 2018) (concluding the husband "failed to preserve the issue for our review" because he

---

[1] Like many legal doctrines, our error preservation doctrine has exceptions. *See, e.g.*, *State v. Boldon*, 954 N.W.2d 62, 70 (Iowa 2021) ("While some forms of sentencing error require a timely objection or challenge to preserve an issue for appellate review, an allegation the prosecutor breached the plea agreement at the time of sentencing is a species of sentencing error to which the traditional rules of error preservation are inapplicable."). For example, in *In re Marriage of Huston*, the court held that our ordinary error preservation rules do not apply to "[a]ppellate review of default divorce decrees" because "[n]aturally, when a default judgment is involved no specific issues could have been preserved." 263 N.W.2d 697, 699–700 (Iowa 1978). Because there was no default here, the *Huston* exception does not apply.

did not raise the argument in his Iowa Rule of Civil Procedure 1.904(2) motion before the district court); *In re Marriage of Hansen*, 886 N.W.2d 868, 871 (Iowa Ct. App. 2016) ("We also note that Andy has not preserved error on this issue as the district court did not address who may be entitled to a surplus or who may be obligated to pay a deficiency."); *In re Marriage of McGachey*, No. 14-2086, 2015 WL 4642602, at *1 (Iowa Ct. App. Aug. 5, 2015) (declining to reverse modification based on a procedural defect that was never raised in the district court).

Here Tricia asks us to consider the cost of L.D.'s health insurance. As Tricia acknowledges in her brief, though, the district court's order was "silent" on this issue. The order included no finding about the actual cost to insure L.D. And Tricia did not ask for a ruling on the issue, either by filing a motion under Iowa Rule of Civil Procedure 1.904(2) or otherwise. *See Okland*, 699 N.W.2d at 270. So, at least at first glance, it is not clear the district court "decided" the cost of L.D.'s health insurance, as would be required to preserve the issue for appeal. *Cf. 33 Carpenters Constr., Inc. v. State Farm Life & Cas. Co.*, 939 N.W.2d 69, 75 (Iowa 2020) ("We routinely hold that when an issue is raised in a motion but not decided in the district court ruling, the issue is not preserved for review.").

But we also recognize that, under *Lamasters v. State*, we can find error is preserved if the "trial court's ruling . . . expressly acknowledge[d] that an issue [was] before the court and then the ruling necessarily decide[d] that issue." 821 N.W.2d 856, 864 (Iowa 2012). Here, the trial court's ruling clearly acknowledged that, through our prior decision, we had directed the court to "clarify which party is responsible for maintaining health insurance for L.D. *and consider those premiums when calculating child support*." *Dauterive*, 2019 WL 1056816, at *6. We read

these words as an "express acknowledgement" that the cost of L.D.'s health insurance was among the "issue[s] before the court." *See Lamasters*, 821 N.W.2d at 864. We also read these words to mean that the trial court *followed* our directions by *actually* "consider[ing] those premiums when calculating child support." So, in the words of *Lamasters*, it appears the trial court "necessarily decide[d]" the cost of L.D.'s insurance when the court recalculated child support. *See* 821 N.W.2d at 864; *see also* Iowa Child Support Guidelines R. 9.14 (directing use of health insurance premiums when calculating child support). Accordingly, we assume error is preserved as to this issue.

Turning to the merits: As noted, each party provided the court with child support guideline worksheets. Through these worksheets, the parties made markedly different claims about the cost of providing health insurance for L.D.[2] While Christopher's worksheets claimed the cost was $75.00 per month, Tricia's worksheets claimed the cost was $241.67 per month. But the parties provided no *evidence* about the actual cost. They provided no statements from insurers; they provided no pay stubs; they provided no testimony. This left the district court to choose between the numbers on the parties' worksheets. And it leaves us with no basis to fault the court for choosing Christopher's number rather than Tricia's. *Cf. In re Marriage of Keener*, 728 N.W.2d 188, 194 (Iowa 2007) ("Because of the difficulty surrounding valuation, appellate courts give much leeway to the trial court. A trial court's valuation will not be disturbed when it is within the range of

---

[2] These claims are labelled "Allowable Children's Portion of Health Insurance Cost."

evidence.") (internal citation omitted)). So we find no grounds to disturb the district court's child support calculation.

We turn next to the district court's failure to specify an effective date for its revised child support calculation. Again we start by considering error preservation.

As explained, Iowa law requires issues to be "both raised and decided by the district court before we will decide them on appeal." *Munger, Reinschmidt & Denne, L.L.P. v. Lienhard Plante*, 940 N.W.2d 361, 372 (Iowa 2020) (quoting *Meier*, 641 N.W.2d at 537). Here, the parties and the court certainly discussed the effective-date issue at the remand hearing. Even so, the effective-date issue "is not preserved for review" unless it was ultimately "decided in the district court ruling." *See 33 Carpenters Constr., Inc.*, 939 N.W.2d at 75. And it was not. The district court ruling did not mention the issue. *See id.* And no party filed a rule 1.904(2) motion. So it appears the effective-date issue was not preserved.

As with the health-insurance issue, however, we have considered *Lamasters*'s teaching that error can be preserved when the "*trial court's ruling* . . . expressly acknowledges that [the] *issue is before the court* and then the ruling necessarily decides that issue." *See* 821 N.W.2d at 864 (emphasis added). Unlike with the health-insurance issue, though, our prior decision did not direct the remand court to address the effective-date issue. Put another way, we did not place the effective-date issue "before the court" on remand. And we find no acknowledgement in the trial court's ruling that the effective-date issue was "before the court." *See id.* Rather, and unlike in *Lamasters*, "[t]his *is* . . . one of those cases where the court failed to mention" the effective-date issue at all. *See id.* at 864 (emphasis added). Therefore, error was not preserved.

We note both parties have requested an award of appellate attorney fees. Fees are awarded upon our discretion and are not a matter of right. *See Okland*, 699 N.W.2d at 270. We decline to award fees here. But we tax all costs of this appeal to Tricia.

**AFFIRMED.**