# IN THE COURT OF APPEALS OF IOWA

No. 13-1780
Filed July 30, 2014

IN RE THE MARRIAGE OF ANITA D. GHEE
AND WILLIAM J. GHEE JR.,

Upon the Petition of
ANITA D. GHEE, n/k/a ANITA
DIANE ARNOLD,
        Petitioner-Appellee,

And Concerning
WILLIAM J. GHEE JR.,
        Respondent-Appellant.

_____

        Appeal from the Iowa District Court for Jasper County, Terry Rickers,

Judge.


        William Joseph Ghee Jr. appeals the decree of dissolution of marriage to

Anita Diane Ghee.  **AFFIRMED AS MODIFIED AND REMANDED.**


        Kodi A. Brotherson of Babich Goldman, P.C, Des Moines, and Timothy M.

Duffy of Timothy M. Duffy, P.C., Des Moines, for appellant.

        Roberta A. Chambers of Chambers & Relph Law Firm, Corydon, for

appellee.


        Considered by Vaitheswaran, P.J., and Tabor and Bower, JJ.

**BOWER, J.**

William Joseph Ghee Jr. appeals the decree of dissolution of marriage to Anita Diane Arnold, f/k/a Anita Diane Ghee. He claims the district should have awarded him one half of Anita's federal pension. We find the failure to award a portion of Anita's pension was not equitable and award William one-quarter of the pension. We affirm as modified and remand.

## I. Background Facts and Proceedings

William married Anita on July 1, 1989. Anita filed for dissolution of marriage on February 21, 2013. The parties have no minor children. At the time of trial, William was fifty-four years old and in good health. He has an associate degree and works part-time as a computer repairman for two businesses. He previously worked full-time but has had difficulty finding full-time work. Anita was fifty-nine years old, in good health, and is retired from the United States Postal Service. She works two hours per day delivering meals to the elderly.

On August 26, 2013, the district court entered a decree of dissolution and provided for division of the parties' assets and liabilities. The marital home was ordered to be sold and the proceeds split evenly between the parties. A private annuity that gained the majority of its value during the marriage was split evenly, with Anita retaining the value of the annuity at the time of the marriage. Each party was awarded their individual bank accounts.[1] Anita was awarded two vehicles; William was awarded three vehicles, plus a four-wheeler, boat, and

---

[1] William's account, at the time of the decree, contained only $570. He had previously withdrawn $7000, none of which was apparently spent on marital expenses. The district court credited him with possession of the $7000.

trailer that had been gifted to him. By agreement, William retained all rights to a worker's compensation claim in his name.

The sole point of contention between the parties at this time is distribution of Anita's Civil Service Retirement System annuity ("the pension"). The annuity currently pays her $3082 per month. If William were to work until his full retirement age of sixty-six years and eight months, social security would pay him $1206 per month. If he were to work until age seventy, social security would pay him $1527 per month. He claims the district court erred when it failed to consider Anita's annuity income in separating their assets, and he is entitled to one-half of the marital share, which amounts to $841 per month.

## II.    Standard of Review

As an equitable proceeding, we review the decree of dissolution de novo. Iowa R. App. P. 6.907. Though we are not bound by the findings of the district court, we will give them weight. *In re Marriage of Sjulin*, 431 N.W.2d 773, 776 (Iowa 1988).

## III.    Discussion

William claims he should have been awarded one-half of the marital value of Anita's pension. Anita responds by claiming that is impossible according to federal law. She claims because the parties did not elect to provide William with a survivor benefit in her pension at the time of her retirement, they are barred from dividing the pension or creating a survivor benefit now. She also claims it would be inequitable to divide her pension because a federal offset prevents her from sharing in William's social security.

In the decree, the district court is to divide the property of the parties equitably. Iowa Code § 598.21(5) (2013). Section 598.21(5) provides a list of factors the court is to consider when dividing the assets and debts of the parties. We generally treat pension benefits as marital property subject to division by the district court. *In re Marriage of Crosby*, 699 N.W.2d 255, 258 (Iowa 2005). This has been true even where one spouse has a federal pension and the other social security. *Id.* Though equality is most often equitable, it is not required. *In re Marriage of Keener*, 728 N.W.2d 188, 193 (Iowa 2007).

We find it equitable to award William a portion of Anita's pension. District courts are directed to consider pension benefits in dividing marital property, including future interests. Iowa Code § 598.21(5)(i). The parties were married for more than twenty years and each contributed equally to the marriage. *See id.* § 598.21(5)(a), (c). Both parties are capable of earning at levels in excess of their present income. *See id.* § 598.21(5)(f). Considering the predicted retirement income of both parties, William is expected to have a significantly smaller retirement income than Anita. We see no reason in the record to allow Anita to keep all of her pension while William does not benefit from that particular marital asset.

We also find no basis in federal law for denying William his share of Anita's pension. Anita relies upon an information pamphlet that states, "If you are divorced after retirement from a spouse to whom you were married at retirement, we will honor the terms of a qualifying court order for that person to the extent your annuity was reduced at retirement; if you did not elect to provide

a survivor annuity for that spouse at retirement, the court order will not be honored."[2] Assuming her statement of law is correct, she admits the parties did not elect to provide a survivor benefit at her retirement, and her annuity was not reduced at retirement to provide for one. Accordingly the statement of law is inapplicable. There is no federal prohibition against William sharing in her pension as marital property.

Nor does the federal offset, limiting her ability to collect on William's social security, prevent an equitable distribution. Federal law requires social security benefits received as a spouse, widow, or widower to be offset by two-thirds of the employee's federal pension. *See* 42 U.S.C. § 402(k)(5)(A). If Anita were to collect a portion of William's social security, section 402(k)(5)(A) would reduce her federal pension accordingly. That is not the case, however. Because her pension income is significantly higher than William's expected social security income, there is no reason for Anita to collect from William's smaller income. Rather, equity requires considering both retirement incomes together, and the sharing of her pension income, to more closely equalize their respective retirement economic conditions.

We do not find, however, that William should receive half of the marital share of the pension income. William is younger than Anita, has not yet retired, and is both healthy and able to earn. He will have a longer expected work life than Anita and will continue to contribute to his own social security retirement. *See Crosby*, 699 N.W.2d at 258 (reducing a spouse's share of a postal service

---

[2] Anita's only citation is to a pamphlet, not to a specific code section or provision of law.

pension to one-quarter, based upon similar conditions). Accordingly, we award William one-quarter of the marital share of Anita's pension. During trial, the parties agreed one-half of the marital value would be $841 per month. William's one-quarter share is therefore $420.50 per month. "Because of certain anti-alienation restrictions in the Employee Retirement Income Security Act (ERISA) and the federal tax code," a qualified domestic relations order (QDRO) "must be filed for every pension division undertaken pursuant to a divorce." *In re Marriage of Brown*, 776 N.W.2d 644, 648 (Iowa 2009). We modify the decree and order William to present to the district court a QDRO equal to twenty-five percent of the marital share of Anita's pension.

**AFFIRMED AS MODIFIED AND REMANDED.**