In re the MARRIAGE of Steven J. ORTE and Teresa Ann Orte.

Upon The Petition of Steven J. Orte, Appellant,

And Concerning Teresa Ann Orte, Appellee.

No. 85–57.

Supreme Court of Iowa.

June 18, 1986.

Rehearing Denied July 18, 1986.

Michael Schilling, Burlington, for appellant.

John McMillian Perkins, Fairfield, for appellee.

LARSON, Justice.

We granted further review of a court of appeals decision reversing a dissolution decree which had granted physical care of the parties' minor child to the mother. *See* Iowa Code sections 598.41(2) and (5), regarding orders for custody and physical care in dissolution cases.

Shawn Orte, the son of Steven Orte and Teresa Orte, was born on April 19, 1982. At the time of trial, he was two and one-half years old. Teresa Orte had two other children by prior marriages. A son, Ricky, was six and one-half at the time of trial. Jody, an older daughter, was in the care of Teresa's parents.

At trial, each parent criticized the other for a lifestyle and lack of financial stability which, it was claimed, militated against an award of physical care. Steven claimed, for example, that Teresa had shoplifted. She denied this. Steven also claimed she had an intimate relationship with a seventeen-year-old male. (She was twenty-nine at the time of trial.) Steven was also critical of Teresa because she had not been steadily employed and depended largely on ADC and food stamps.

Teresa, on the other hand, argued that Steven's employment, working nights at a bakery, would leave him little time to spend with Shawn. Moreover, she claimed, Steven had not provided the primary care for Shawn during the time they were married, being preoccupied with other activities including gambling and weightlifting. Both parties had written insufficient funds checks and had shown other signs of financial irresponsibility.

We need not detail these charges and countercharges; suffice it to say that Steven and Teresa were at a virtual standoff in terms of their performance as parents. Despite this apparent equipoise, however, there is one factor which weighs heavily on the issue here. This factor is the relationship of Shawn and Ricky, his half brother. Everyone agreed that these young boys were very close.

Steven argues that it would be unfair to give any substantial weight to the fact that a half sibling lived in the home, because this would always give a natural parent of the half sibling an unfair advantage in a contest for physical care or custody of the children of the present marriage. While there is some merit in this argument, our primary concern is the welfare of Shawn. We have expressed a strong interest in keeping children of broken homes together. *See, e.g., In re Marriage of Jones,* 309 N.W.2d 457, 461 (Iowa 1981); *Doan Thi Hoang Anh v. Nelson,* 245 N.W.2d 511, 517 (Iowa 1976). In order for a court to depart from this general rule, it must appear that separation "may better promote the long-range interests of children." *Jones,* 309 N.W.2d at 461. We believe these general principles should govern awards of physical care in cases of half siblings as well as others.

Because our review is de novo, we are not bound by the district court's findings of fact. Nevertheless, we believe the following excerpt from the trial court's decree accurately reflects the record:

> [Teresa] ... is unemployed. She is supported by public assistance, receiving ADC, food stamps, and living in subsidized housing. She is a capable, loving, caring mother who has, by all accounts, done a fine job in raising both Shawn and his half brother, Ricky.

> Four years separate the two brothers. They are described as being close and interested in each other. During the entire period of the parties' marriage, [Teresa] has had the primary care of both Ricky and Shawn. While [Steven] has helped from time to time, it has been [Teresa] who has had both boys' day to day care. She is the one who has tended Shawn's needs, changed his diapers, washed his clothes, wiped his nose, and stayed with him overnight when he was hospitalized. She has cooked the meals, made the beds, vacuumed the house,

washed the windows, and washed the clothes. She has demonstrated that she is a capable, loving parent.

 We agree with the district court; other factors militating against the award of physical care to Teresa were not sufficient to require separating these children. We therefore vacate the court of appeals decision and affirm the district court.

DECISION OF COURT OF APPEALS VACATED; DECREE OF DISTRICT COURT AFFIRMED.

All Justices concur except HARRIS, McGIVERIN and SCHULTZ, JJ., who dissent.

HARRIS, Justice (dissenting).

The sole question for our de novo review is whether it is in the best interests of this four-year-old child to be placed in the custody of his father or with his mother. I dissent because I think his interests demand that he be placed with his father.

Although she was only twenty-nine at the time of trial the mother was already a veteran of three unsuccessful marriages and at least three extramarital affairs.

I no way imply that her conduct calls for punishment; punishment is not the issue. What is at issue is the mother's stability, and her penchant for meretricious relationships with men of various ages is no sign of stability. It is an unmistakable and ominous sign of her inadequacy to nurture the development of this son during the formative years ahead.

There are other signs as well. I am persuaded by the testimony that she lacked even the most rudimentary ability to manage simple family finances. She has never held a full-time job for as long as six months and is a careless spender. I am more than a little disquieted by the testimony that she may have engaged in shoplifting. She seems tragically immature.

I do not pretend the father is without blemish. But by way of comparison of general conduct, work record, and overall stability, he towers over the mother. The majority seems to turn the issue on the fact that the mother at present has custody of one of her children by prior marriages. Although I concede this is a factor favoring the mother, it is the only one, and pales when measured against her lack of maturity. I agree with the court of appeals' majority and would reverse the trial court.

McGIVERIN and SCHULTZ, JJ., join this dissent.