In re the MARRIAGE OF Dorothy D. RIDDLE and Michael S. Riddle.

Upon the Petition of Dorothy D. Riddle, Appellant,

And Concerning Michael S. Riddle, Appellee.

No. 92–1412.

Court of Appeals of Iowa.

March 30, 1993.

John D. Jordan of Jordan, Mahoney & Jordan, P.C., Boone, for appellant.

Ben T. Doran of Doran, Courter & Quinn, Boone, for appellee.

Heard by OXBERGER, C.J., and DONIELSON and HAYDEN, JJ.

DONIELSON, Judge.

Dorothy Riddle appeals from the district court dissolution decree which awarded primary physical custody of the parties' minor child to Michael Riddle.

Dorothy and Michael Riddle were married in August 1986. They have one minor child, Lauren, who was born in January 1987.

Dorothy was born in 1966. At age sixteen, she married Pat Pepples. The marriage lasted only nine months and bore one child, Ashley, in June 1983. Dorothy has sole custody of Ashley. Dorothy married Michael just prior to her sophomore year at Iowa State University. While attending college, Dorothy held a number of part-time jobs. Dorothy has now graduated from Iowa State with a Bachelor of Science degree in nutrition. She is currently em-

ployed as the chief clinical dietician at Broadlawns Medical Center in Des Moines and earns a net monthly income of $1560.

Michael was born in 1964. He attends college at Iowa State University and intends to complete his degree in elementary education in about two years. Michael currently works several part-time jobs including assistant coaching duties, handyman work for the Ames School District, and sales for the Fuller Brush Company. His net monthly income is about $1102.

In July 1990, Dorothy filed a petition for dissolution of marriage. The petition was not served on Michael until November 1991. In January 1992, the district court awarded temporary physical custody of Lauren to Dorothy.

In August 1992, following a hearing, the district court issued its dissolution decree. The court determined, among other matters, primary physical custody of Lauren should be awarded to Michael. The court ordered Dorothy to pay $351 per month in child support.

Dorothy now appeals. Dorothy contends the district court erred in awarding primary physical custody to Michael. She specifically claims the district court erred in: (1) finding Lauren's long-term best interests were best served by awarding primary physical custody to Michael; (2) separating Lauren from her half-sister, Ashley; and (3) disregarding the recommendation of the independent custodial investigator.

■ Our review in this matter is de novo. Iowa R.App.P. 4. We give weight to the fact findings of the district court, especially when considering the credibility of witnesses. Iowa R.App.P. 14(f)(7). We are not bound by these determinations, however. *Id.* Prior cases have little precedential value, and we must base our decision primarily on the particular circumstances of the parties presently before us. *In re Marriage of Weidner,* 338 N.W.2d 351, 356 (Iowa 1983).

■ In child custody cases, the best interests of the child is the first and governing consideration. The factors the court considers in awarding custody are enumerated in Iowa Code section 598.41(3), in *In re Marriage of Weidner,* 338 N.W.2d 351, 355–56 (Iowa 1983), and in *In re Marriage of Winter,* 223 N.W.2d 165, 166–67 (Iowa 1974). All factors bear on the "first and governing consideration," the court's determination of what will be in the long-term best interests of the child. *In re Marriage of Vrban,* 359 N.W.2d 420, 424 (Iowa 1984). The critical issue in determining the best interests of the child is which parent will do better in raising the child. *In re Marriage of Ullerich,* 367 N.W.2d 297, 299 (Iowa App.1985). Gender is irrelevant, and neither parent should have a greater burden than the other in attempting to gain custody in a dissolution proceeding. *Id.*

■ We agree with the district court's finding that the issue of primary physical custody was a "close call." Both Michael and Dorothy care deeply for Lauren and her welfare. They both clearly offer Lauren a stable environment both emotionally and financially.

We admire Dorothy's diligence in completing her bachelor's degree while helping to raise two children. Dorothy has found a responsible and challenging job which provides her with considerable financial stability. In comparison, we recognize Michael's future plans are not as certain and that his income is less than that of Dorothy's. However, the fact Michael is employed only by several part-time jobs and the fact he has a lower income do not constitute evidence that Michael is unable to offer Lauren stability.

On our review, the record supports the finding that the long-term best interests of Lauren would be better served if Michael were the physical custodian. As Dorothy spent considerable time working and completing her degree, Michael became the primary caretaker for Lauren. Michael has done an excellent job as the primary caretaker to Lauren during the first five years of her life. As a coach, Michael takes Lauren to many of his practices and games. At trial, many witnesses testified to the close bond between Michael and Lauren.

Dorothy asserts she is being "punished" for having assumed the "traditional male duties" of being the family breadwinner. We do not agree. Our decision is based on an examination of which parent had been the child's primary psychological parent and with which parent the child had more closely bonded. *See In re Marriage of Fennell,* 485 N.W.2d 863, 865 (Iowa App. 1992); *In re Marriage of Oakes,* 462 N.W.2d 730, 732 (Iowa App.1990). Here, the evidence suggests Lauren has consistently demonstrated a greater emotional attachment to her father.

In our decision, we recognize the preference for not separating siblings. *See In re Marriage of Blume,* 473 N.W.2d 629, 631 (Iowa App.1991) (court found physical custody of siblings should be separated only for "good and compelling reasons"). Admittedly, Lauren and her half sister, Ashley, are close. However, Michael is not the legal father of Ashley and he has no right to seek physical custody of Ashley in the dissolution. Michael therefore argues it would be unfair to give substantial weight to the preference for keeping siblings together because this gives Dorothy an unfair advantage in the contest for physical care of Lauren.

In *In re Marriage of Orte,* 389 N.W.2d 373, 374 (Iowa 1986), the supreme court examined the issue of how much weight should be given to the preference for keeping siblings together in the case of half siblings. The court found the general principles governing the separation of siblings should govern, regardless of the advantage given to the parent of the half sibling. *Id.* The court found, in order to depart from the preference for keeping siblings together, "it must appear that separation 'may better promote the long-range interests of children.'" *Id.* (quoting *In re Marriage of Jones,* 309 N.W.2d 457, 461 (Iowa 1981)).

Here, we find the district court did have a good and compelling reason to separate Lauren and Ashley. Lauren and Michael have a close relationship, and Michael has been the primary caretaker of Lauren throughout her life. There is no evidence that Lauren and Ashley will not be able to continue their close relationship despite the separation. On our review, we find granting Michael primary physical care will better promote the long-range best interests of Lauren.

Dorothy also contends the district court erred in "disregarding" the recommendation of the independent custodial investigator, Pamela Abarr. The recommendation of an independent custodial investigator may be considered in determining primary physical custody, but it is not controlling. *See In re Marriage of Dawson,* 214 N.W.2d 131, 133 (Iowa 1974).

Abarr's evaluation did not include any sort of home study or home visits. Abarr did not visit with any collaterals besides Lauren's preschool teacher. On our review, we defer to the district court's assessment of the appointed investigating agent. *See In re Marriage of Hornung,* 480 N.W.2d 91, 93 (Iowa App.1991). The district court did not err in giving Abarr's testimony only limited weight.

We remind Michael that liberal visitation rights are in the best interests of the children. Iowa Code § 598.41(1) (1991); *In re Marriage of Muell,* 408 N.W.2d 774, 777 (Iowa App.1987). Both parents, as joint custodians, are charged with maintaining those interests. Unless visitation with the noncustodial parent will in some way injure the child, it is not to be prohibited. *Fitch v. Fitch,* 207 Iowa 1193, 1197, 224 N.W. 503, 504 (1929).

The costs of this appeal are taxed to Dorothy.

For the reasons stated, we affirm the judgment of the district court.

**AFFIRMED.**