In re the **MARRIAGE OF Kelli J. BRAUER and Dean F. Young.**

Upon the Petition of Kelli J. **Brauer, Appellee,**

And Concerning Dean F. Young, **Appellant.**

No. 93–408.

Court of Appeals of Iowa.

Nov. 29, 1993.

Carolyn J. Beyer and Richard C. Wenzel, Wenzel, Piersall & Harms, P.C., Cedar Rapids, for appellant.

Janice R. McCool, McCool & McCool, P.C., Cedar Rapids, for appellee.

Heard by OXBERGER, C.J., and SACKETT and HABHAB, JJ.

OXBERGER, Chief Judge.

Kelli Brauer and Dean Young met in June 1989. Dean has a fourteen-year-old son from a previous marriage. Kelli and Dean began living together and had a daughter, Brittany Brauer, on October 15, 1991.

On February 28, 1992, Kelli filed a petition for dissolution of marriage, alleging the existence of a common law marriage. Kelli requested primary physical care of the child subject to Dean's rights of visitation, child support, attorney fees, and an equitable division of the parties' assets and liabilities. Kelli also filed an application for temporary custody.

Dean filed an answer, admitting the parties were the parents of Brittany, but denying common law marriage. Dean requested custody of Brittany and filed an application for temporary and interim custody. Dean also filed a resistance to Kelli's application for temporary support.

Following a hearing on the matter, the district court ordered interim joint custody with alternating primary physical care. Dean was ordered to make a one-time payment of $300 to offset child care costs. On May 26, 1992, a hearing was held on the issue of temporary custody. The court ordered joint legal custody, with Kelli having primary physical care subject to visitation by Dean. Dean was also ordered to pay $131 per week for child support.

Dean filed an application for reconsideration. Dean additionally filed a motion to quash a mandatory wage assignment. Both motions were denied. The parties entered into an agreement that neither party had any claim to the other's property and that alimony was not an issue.

Trial on the issue of permanent custody, visitation, and child support was held in November 1992. Kelli was awarded primary physical care. Dean was ordered to pay $125 per week child support. Additionally, Dean was ordered to pay three-fourths of any uninsured medical bills. Dean filed a posttrial motion for a new trial and a rule 179(b) motion, citing new evidence of physical abuse of the child while in Kelli's care. The district court denied the motions. Dean has appealed.

In this equity action, our review is de novo. Iowa R.App.P. 4. We have a duty to examine the entire record and adjudicate anew rights on the issues properly presented. *In re Marriage of Steenhoek*, 305 N.W.2d 448, 452 (Iowa 1981). We give weight to the fact findings of the trial court, especially when considering the credibility of witnesses, but are not bound by them. Iowa R.App.P. 14(f)(7).

## I. Child Custody

Dean claims the district court erred in failing to award primary physical care of Brittany to him. He claims he has a more stable home life, a steady job, and has taken great care in nurturing Brittany. Dean points out he has raised his fourteen-year-old son by himself and has shown a sustained commitment to his children. He also con-

tends the district court was biased in favor of Kelli due to its implicit adherence to the "tender years doctrine".

In child custody cases, the best interests of the child is the first and governing consideration. The factors the court considers in awarding custody are enumerated in Iowa Code section 598.41(3), in *In re Marriage of Weidner*, 338 N.W.2d 351, 355–56 (Iowa 1983), and in *In re Marriage of Winter*, 223 N.W.2d 165, 166–67 (Iowa 1974). All factors bear on the "first and governing consideration," the court's determination of what will be in the long-term best interests of the child. *In re Marriage of Vrban*, 359 N.W.2d 420, 424 (Iowa 1984). The critical issue in determining the best interests of the child is which parent will do better in raising the child; gender is irrelevant, and neither parent should have a greater burden than the other in attempting to gain custody in a dissolution proceeding. *In re Marriage of Ullerich*, 367 N.W.2d 297, 299 (Iowa App. 1985).

The record clearly establishes that both Kelli and Dean deeply care for Brittany and desire to be her primary physical caregiver. Brittany has been in the primary physical care of Kelli since she was four months old. Dean assisted Kelli and Brittany in moving out of the shared home. All parties who testified regarding their contact with Brittany testified she is a happy, well-adjusted child. Since her troubled youth, Kelli has worked to improve her educational and employment situation. She has learned from her mistakes and has matured substantially. Kelli attended infant stimulation and creative parenting classes. Kelli has been consistently responsible for feeding, bathing, and caring for Brittany and has scheduled all doctor appointments. It is less clear whether Dean has learned from his mistakes. In addition, while Dean claims he has raised his son single-handedly, ample evidence indicated he received substantial assistance from various live-in paramours. We also note the district court's expressed concern regarding Dean's general attitude towards women was supported by the record. Following a thorough review of the record, we agree with the district court's award of primary physical care of Brittany to Kelli.

Dean urges us to rely on *In re Marriage of Orte*, 389 N.W.2d 373 (Iowa 1986), to hold that we are required to place Brittany with him since he has custody of her half-sibling Dustin. In *Orte*, the court emphasized the importance of "keeping children of broken homes together". *Id.* at 374. We find the facts of this case distinguishable from those in *Orte* and look to Brittany's long range best interests. In *Orte*, the children were only four years apart in age and both children had been cared for by the parent being awarded custody. 389 N.W.2d at 374. Placing Brittany with Dustin would require us to separate her from her primary caregiver. We do not find this would promote Brittany's long-range best interests. We further note the thirteen year age difference between Brittany and Dustin prevents them from being play companions and likely means they would not reside together for more than four or five years. We find Brittany's long-range interests will best be promoted by awarding her primary physical care with Kelli.

## II. Attorney Fees

Kelli requests attorney fees on appeal.

An award of attorney fees is not a matter of right, but rests within the court's discretion and the parties' financial positions. *In re Marriage of Kern*, 408 N.W.2d 387, 390 (Iowa App.1987). We are to consider the needs of the party making the request, the ability of the other party to pay, and whether the party making the request was obligated to defend the trial court's decision on appeal. *In re Marriage of Castle*, 312 N.W.2d 147, 150 (Iowa App.1981).

Kelli has demonstrated the need for assistance with her attorney fees, Dean is in a better position to pay fees and Kelli was required to defend this action on appeal. We award Kelli $1250 in appellate attorney fees.

**AFFIRMED.**

HABHAB, J., concurs.

SACKETT, J., dissents.

SACKETT, Judge (dissenting).

I dissent.

I would modify and award custody to Dean. The trial court appears to have applied the incorrect standard in fixing physical care. Dean has exhibited considerable more stability in his lifetime than Kelli. Brittany's half-sibling is in Dean's care.