# IN THE COURT OF APPEALS OF IOWA

No. 14-1296
Filed August 19, 2015

**JANE IRENE MIKKELSON,**
    Petitioner-Appellee/Cross-Appellant,

**vs.**

**ALAN LEE SHACKLETON,**
    Respondent-Appellant/Cross-Appellee.
_____

Appeal from the Iowa District Court for Cerro Gordo County, Colleen D. Weiland, Judge.

A father appeals and a mother cross-appeals the denial of their motions to modify a decree establishing custody and visitation for their five-year-old son. **AFFIRMED.**

William T. Morrison of Morrison Law Firm, Mason City, for appellant.

Evelyn Ocheltree of Iowa Legal Aid, Mason City, for appellee.

Considered by Tabor, P.J., and Bower and McDonald, JJ.

**TABOR, P.J.**

Jane Schreur[1] and Alan Shackleton are the parents of P.S., who is now five years old. Both parents sought to modify a stipulated custody and visitation decree. On appeal, Alan challenges the district court's refusal to grant him physical care. Jane challenges the court's refusal to modify Alan's visitation. Because we agree with the court's conclusion that neither party proved a substantial and material change in circumstances, we affirm.

## I.    Background Facts and Proceedings

Jane and Alan were never married to each other. Jane married Garrett Schreur in January 2012. They live in Kanawha, Iowa with their two-year-old son and P.S. Alan lives in Mason City. Both parents enjoy the support of their extended families in the surrounding area.

Jane and Alan stipulated to joint legal custody in a decree entered in September 2012. The decree granted physical care to Jane and granted Alan visitation. The decree included a visitation schedule assigning holidays, granting Alan three weeks of summer vacation, alternating weekend visitation, and one midweek visit from 3:30 p.m. until 7:30 p.m. Alan was responsible for transporting P.S. at the beginning of the visit and Jane was responsible for transporting P.S. at the end of the visit, "so long as Alan does not move more than twenty miles from the city limits of Mason City." In May 2013, Jane and her husband moved to Kanawha, Iowa, forty-two miles from Mason City.

---

[1] Jane went by the name of Jane Mikkelson at the time of the original decree.

Since entry of the decree, the parties have struggled to put P.S.'s best interest ahead of their own discontent with each other. As a result, only seven months after the decree, Alan filed a joint application for rule to show cause and application for modification. He claims Jane's home and car are unclean, P.S.'s safety is compromised because Jane allows the child to be supervised by criminals, who also are members of her family. He also claims Jane refused to allow him visitation.

Jane filed an answer and counterclaim for modification of visitation. Jane claims the distance between the parties' homes calls for a change in the visitation schedule. She also alleges Alan has engaged in "excessive surveillance" to gather evidence against her for purposes of the modification proceeding. Specifically, she claims he equipped his home with cameras to catch her driving by. According to Jane, Alan also has photographed her apartment and videotaped interviews with P.S. He also hired a private investigator and contacted her former landlord.

The district court held a two-day hearing on the parents' motions in June 2014. On July 10, 2014, the district court entered a ruling modifying the decree only regarding the child support and medical support payments.[2] The court denied Alan's request to modify physical care and Jane's request to eliminate Alan's midweek visitation.

Alan appeals. Jane cross-appeals.

---

[2] The court filed a separate ruling on Alan's contempt allegations which is not a subject of this appeal.

## II.     Standard of Review

We review modification proceedings de novo.  *In re Marriage of Sisson*, 843 N.W.2d 866, 870 (Iowa 2014). "We give considerable deference to the district court's credibility determinations because the court has firsthand opportunity to hear the evidence and view the witnesses."  *In re Marriage of Berning*, 745 N.W.2d 90, 92 (Iowa Ct. App. 2007).

## III.    Physical Care

Child custody should not be modified unless the petitioning party can show a material and substantial change in circumstances since the original decree.  *In re Marriage of Malloy*, 687 N.W.2d 110, 113 (Iowa Ct. App. 2004). We apply this heavy burden because "once custody of children has been fixed it should be disturbed only for the most cogent reasons."  *Dale v. Pearson*, 555 N.W.2d 243, 245 (Iowa Ct. App. 1996).

After reviewing the record, it is clear Alan and Jane struggle to cooperate with each other.  In support of his modification claim, Alan alleges a myriad of bad behavior by Jane.  Specifically, he accuses her of failing to properly supervise P.S., of associating with criminals and allowing them to supervise P.S., of failing to cordially communicate with Alan, and of driving with a suspended license.  He also cites her move away from Mason City, and contends she denied him visitation with P.S.

Alan brought this same behavior to the attention of the district court.  The court acknowledged Jane's "questionable parenting traits" and observed that she

engaged in deception and "gaslighting"[3] in her dealings with Alan and his family. But the court noted this behavior was present at the time of the original decree. Accordingly, the court found no substantial change in circumstances. The court also noted Alan's extreme monitoring and surveillance of Jane and concluded awarding physical care to Alan was not in P.S.'s best interest.

Like the district court, we find that to the extent Alan's complaints concerning Jane's conduct are accurate, her conduct is not new since the time of the original decree—with the exception of her move and the alleged denial of visitation. The move—forty-two miles to Kanawha—was done for Jane's husband's employment. Without extenuating circumstances, we do not change custody solely on one parent's move to a different community. *See In re Marriage of Crotty*, 584 N.W.2d 714, 717 (Iowa Ct. App. 1998); *see also In re Marriage of Whalen*, 569 N.W.2d 626, 630 (Iowa Ct. App. 1997) (declining to modify physical care when one parent moved to a new residence fewer than 150 miles away). The denial of the visits resulted in the court finding Jane in contempt of the original decree. Given the heavy burden required to change a custody provision, we do not find the denial of visitation sufficient to qualify as a substantial and material change in this case.

Even if there was a substantial change, we also agree with the district court's finding that modifying physical care would not be in P.S.'s best interest. The district court said "both Jane and Alan are so heavily invested in making the

---

[3] The district court defined "gaslighting" as "methodically providing false information to a person such that the person doubts his or her own perception and memory." The term comes from the 1938 play *Gas Light (*also known as *Angel Street*) by Patrick Hamilton.

other look bad that they cannot see how their behavior negatively impacts P.S." A custody evaluator recommended that P.S. remain in Jane's physical care because of the stability the placement provides. We also have concerns about separating P.S. from his younger sibling. *See In re Marriage of Quirk–Edwards*, 509 N.W.2d 476, 480 (Iowa 1993).

All things considered, we find Alan has not carried his burden to show modification of physical care is warranted.

## IV. Visitation

Jane cross-appeals the denial of her request to eliminate Alan's mid-week visitation. She argues her move forty-two miles away, Alan's inability to regularly exercise the mid-week visit due to work, and his surveillance of her are all circumstances that developed since the decree. The district court opined that like Alan, Jane presented valid complaints—specifically regarding Alan's surveillance practices and regular requests to reschedule visits.

Modification of visitation requires "a material change in circumstances since the decree and that the requested change in visitation is in the best interests of the children." *In re Marriage of Brown*, 778 N.W.2d 47, 51–52 (Iowa Ct. App. 2009). This is a less demanding burden and requires a less extensive change in circumstances to justify the modification. *Id.* at 51. The goal of visitation is to allow both parents "maximum physical and emotional contact." *See* Iowa Code 598.41(1)(a) (2013).

In reviewing the record, we find Jane has not shown a material change in circumstances to warrant limiting Alan's visitation. The time it takes to travel

between Kanawha and Mason City does not prohibit Alan from making the mid-week trek. As for Alan's work schedule, it is his responsibility to attend as many scheduled visits as possible, though it is the responsibility of both parties to be flexible enough to promote P.S.'s best interest. *See In re Marriage of Riddle*, 500 N.W.2d 718, 720 (Iowa Ct. App. 1993) (reiterating the principle that liberal visitation is generally in the best interest of a child).

In conclusion, we agree with the district court that the parties have not carried their respective burdens to modify the original decree.

Costs of this appeal shall be equally divided between the parties.

**AFFIRMED.**