# IN THE COURT OF APPEALS OF IOWA

No. 16-0015
Filed October 12, 2016

**RYAN E. MCRILL,**
      Plaintiff-Appellant,

**vs.**

**RAELENE E. NEEDHAM-DELORENZO,**
      Defendant-Appellee.

_____

Appeal from the Iowa District Court for Marshall County, Timothy J. Finn,

Judge.

Appeal from decree modifying physical care and child support.

**AFFIRMED IN PART, REVERSED IN PART, REMANDED.**

Michael E. Marquess of Hinshaw, Danielson & Marquess, P.C.,

Marshalltown, for appellant.

Melissa A. Nine of Nine Law Office, Marshalltown, for appellee.

Considered by Potterfield, P.J., and Mullins and McDonald, JJ.

**MCDONALD, Judge.**

Ryan McRill and Raelene Needham-Delorenzo are the never-married parents of K.M., born in 2012. In 2014, the parties stipulated to joint custody and shared care of the child. Later in the same year, Raelene filed this modification action, requesting physical care of the child and adjusted child support. Ryan cross-petitioned, requesting physical care of the child and child support. The district court awarded Raelene physical care of the child, awarded Ryan visitation, and ordered Ryan to pay child support. Ryan appeals, challenging the award of physical care and the amount of child support.

Our review of cases in equity is de novo. *See* Iowa R. App. P. 6.907. We review the entire record and decide anew the factual and legal issues presented. *See In re Marriage of Williams*, 589 N.W.2d 759, 761 (Iowa Ct. App. 1998). Prior cases have little precedential value; the court must make its determination based on the unique facts and circumstances of each case. *In re Marriage of Kleist*, 538 N.W.2d 273, 276 (Iowa 1995); *In re Marriage of Snowden*, No. 14-1920, 2015 WL 4233449, at *1 (Iowa Ct. App. Jul. 9, 2015) ("All happy families are alike; each unhappy family is unhappy in its own way." (quoting Leo Tolstoy, *Anna Karenina* 1 (1873))). Although we exercise de novo review, we do afford the district court some deference. *See, e.g., In re Marriage of Wood*, No. 15-2204, 2016 WL 4384407, at *1 (Iowa Ct. App. Aug. 17, 2016) ("We do give some deference to the decision of the district court where specific, non-generalized findings and conclusions have been made.")*; see also Kleist*, 538 N.W.2d at 278 ("[W]e give considerable weight to the sound judgment of the trial court who has had the benefit of hearing and observing the parties firsthand.").

Physical care is defined as "the right and responsibility to maintain a home for the minor child and provide for the routine care of the child." Iowa Code § 598.1(7) (2013). In making the physical care determination, we look to the factors set forth in Iowa Code section 598.41(3) and our case law. *See* Iowa Code § 598.41(3); Iowa Code § 600B.40 ("In determining the visitation or custody arrangements of a child born out of wedlock, if a judgment of paternity is entered and the mother of the child has not been awarded sole custody, section 598.41 shall apply to the determination, as applicable, and the court shall consider the factors specified in section 598.41, subsection 3, including but not limited to the factor related to a parent's history of domestic abuse."); *In re Marriage of Winter*, 223 N.W.2d 165, 166–67 (Iowa 1974). "Each factor, however, does not necessarily impact the decision with equal force." *In re Marriage of Daniels*, 568 N.W.2d 51, 54 (Iowa Ct. App. 1997). In considering the factors, our ultimate objective "is to place the child[ren] in the environment most likely to bring [them] to healthy mental, physical, and social maturity." *McKee v. Dicus*, 785 N.W.2d 733, 737 (Iowa Ct. App. 2010). Our court will "ultimately decide[ ] by determining under the whole record which parent can minister more effectively to the long-range best interests of the children." *In re Marriage of Bowen*, 219 N.W.2d 683, 687–88 (Iowa 1974). The controlling consideration is the children's best interests. *See In re Marriage of Kunkel*, 555 N.W.2d 250, 253 (Iowa Ct. App. 1996).

We need not address whether Raelene established a substantial change in circumstances as a prerequisite to modification of the physical care arrangement. The parties agreed shared care is not workable. This is evidenced

by the considerable discord between the parties subsequent to the entry of the original order. *See, e.g.*, *Melchiori v. Kooi*, 644 N.W.2d 365, 368 (Iowa Ct. App. 2002) ("Both parents appear to agree joint physical care is not working. Discord between parents that has a disruptive effect on children's lives has been held to be a substantial change of circumstance that warrants a modification of the decree to designate a primary physical caregiver if it appears that the children, by having a primary physical caregiver, will have superior care."); *In re Marriage of Finch*, No. 07-1327, 2008 WL 2513827, at *2 (Iowa Ct. App. June 25, 2008) (holding there was a substantial change of circumstances where the parents agreed shared care was not working and there was "considerable discord between the parents that has had a disruptive effect on their children's lives").

We reject Ryan's argument he proved Raelene had a history of domestic abuse that should serve to preclude Raelene from having physical care of the child. *See* Iowa Code § 598.41(1), (3)(j). In interpreting what is sufficient to constitute a "history of domestic abuse," the supreme court has held a "history" is not necessarily established by a single documented incident. *See In re Marriage of Forbes*, 570 N.W.2d 757, 760 (Iowa 1997). Nor does more than one minor incident automatically establish a "history of domestic abuse." *Id.* It is for the court to weigh the evidence of domestic abuse, its nature, severity, repetition, and to whom directed, not just to be a counter of numbers. *See id.* In this case, Ryan obtained a domestic abuse protective order against Raelene following an incident in which he alleged she yelled at him and beat on his truck during an exchange of the child. Raelene consented to the protective order, but she now contends she did not understand to what she consented. We find Raelene

credible on the issue. Regardless, even accepting the underlying facts as true, we conclude this single incident does not amount to a "history of domestic abuse" within the meaning of the statute.

Ryan also contends the mother has physically abused the child or has been so negligent in her supervision of the child that the child has suffered physical injuries. On multiple occasions Ryan has taken the child to see medical providers to document injuries Ryan believed were caused by physical abuse of the child. Mandatory reporters engaged the department of human services. None of the reports have been founded. Photographs of the injuries show they were relatively minor and not inconsistent with what one might expect from a toddler. Ryan admitted the child is active and something of a klutz. Also not inconsistent with what one might expect from a toddler. The district court interpreted Ryan's repeated medical referrals for the child as an attempt to undermine Raelene's care of this child. We do not go so far; Ryan may have had genuine concern regarding the child's safety. We conclude this factor is in equipoise.

On de novo review, we see no reason to disturb the district court's physical care determination. Both parents are healthy, employed, and capable of meeting the physical needs of the child. Ryan is twenty-five years old. He lives in Albion with his fiancée. Ryan is employed full-time as a mechanic at Marshalltown Company, where he works 7:00 a.m. to 3:30 p.m. and makes $24.70 per hour. Raelene is twenty-five years old and works as a certified nursing assistant. She earns $11.50 per hour and works 30–40 hours per week. She lives in Marshalltown with her fiancé and their child J.B., who was born in

November 2014. As a general rule, there is a presumption in favor of keeping siblings together. *See In re Marriage of Will*, 489 N.W.2d 394, 398 (Iowa 1992). That presumption extends to half-siblings as well. *See In re Marriage of Orte*, 389 N.W.2d 373, 374 (Iowa 1986). Like the district court, we conclude this factor favors granting physical care to Raelene under the circumstances presented.

On de novo review, we agree with Ryan that the district court erred in calculating child support. This matter should be remanded for recalculation of child support based on the existing record. Further, to the extent Ryan has overpaid child support, he is entitled to a credit for overpayment under the circumstances presented. *See In re Marriage of Pals*, 714 N.W.2d 644, 651 (Iowa 2006) (citing cases where credit was given for involuntary overpayment of support); *Griess v. Griess*, 608 N.W.2d 217, 225 (Neb. 2000) (granting equitable credit where father overpaid support due to "erroneous child support calculation").

Raelene requests appellate attorney fees. Appellate attorney fees are not a matter of right, but instead rest in the court's discretion. *In re Marriage of Sullins*, 715 N.W.2d 242, 255 (Iowa 2006). Factors we consider upon such a request include the needs of the party seeking the award, the ability of the other party to pay, and the relative merits of the appeal. *Id.* We have considered those factors and decline to grant appellate attorney fees.

**AFFIRMED IN PART, VACATED IN PART, AND REMANDED.**