**IN THE COURT OF APPEALS OF IOWA**

No. 23-0632
Filed November 8, 2023

**JACKLYNNE JADE HERR,**
        Petitioner-Appellee,

**vs.**

**TRAVIS MITCHELL SEE,**
        Respondent-Appellant.
_____

Appeal from the Iowa District Court for Jasper County, John D. Lloyd,

Judge.

A father appeals the custody decree placing the parties' child in their joint

physical care.  **AFFIRMED.**

Andrew B. Howie of Shindler, Anderson, Goplerud & Weese, P.C., West

Des Moines, for appellant.

Alexander S. Momany of Howes Law Firm, P.C., Cedar Rapids, for

appellee.

Considered by Tabor, P.J., and Chicchelly and Langholz, JJ.

**CHICCHELLY, Judge.**

Travis Mitchell See appeals the custody order concerning his daughter with Jacklynne (Jacky) Jade Herr. He contends the adopted parenting schedule and change to the child's school are not in her best interests. Because both decisions are in the child's best interests, we affirm.

## I.    *Background Facts and Proceedings.*

Travis and Jacky are the parents of S.G.S., who was born in 2015. They never married and separated when S.G.S. was two. Since their separation, Travis and Jacky have informally shared care of S.G.S. on a 2-2-3 schedule.[1]

Since their separation, Travis and Jacky's situations have changed. Though Travis still resides in Nevada, Iowa, where the parties lived together prior to their separation, he began attending school to become a certified emergency medical technician. He expects to graduate fall 2023 and find part-time employment as a fire fighter. Jacky, on the other hand, married and moved away from Nevada to Baxter, Iowa, and now has a son with her current husband.

Prior to trial, S.G.S. attended the Ballard school district. Neither parent resides in that district. According to her parents, she is a bright, intelligent child. But the parents have discussed with her teacher that she struggles to pay attention during class. For this reason and due to family medical history, Jacky initiated ADHD testing. There were no results by the time of trial.

In April 2022, Jacky petitioned for paternity, custody, visitation, and support. By February 2023, Travis and Jacky stipulated to all issues but two, and the court

---

[1] The parties rotated the child every two days and alternated weekends and holidays.

accepted their partial stipulation. As a part of their stipulation, Travis and Jacky agreed that they would continue to have joint legal custody and that any resulting care schedule the court would determine would be termed shared physical care of S.G.S. Remaining at issue were Jacky's requests for an alternative parenting schedule and a change to S.G.S.'s school district, which Travis contested. They went to trial in March on these two issues, and the district court granted Jacky's requests. It ordered joint legal custody and shared physical care to the parties, adopted Jacky's proposed parenting schedule, and ordered S.G.S. be enrolled in the Baxter school district. Travis timely appealed.

## II. Review.

Because custody determinations are tried in equity, our review is de novo. Iowa R. App. P. 6.907. We give weight to the district court's fact findings, especially those considering witness credibility, but we are not bound by them. Iowa R. App. P. 6.904(3)(g).

## III. Discussion.

At trial Jacky requested that S.G.S. be placed in the Baxter school district, and that the parenting schedule be changed to a three-week rotating schedule such that, for the first two weeks the child would be in Jacky's care Monday through Friday then with Travis on Friday through Monday morning. Then in the third week, the child would be with Jacky the entire week except for a Thursday overnight with Travis. Jacky would then have the third weekend with the child, and the three-week rotating schedule would begin anew. The court adopted this schedule. Travis contends the adopted parenting schedule and change in school district are not in S.G.S.'s best interests. He claims the parenting schedule will upset S.G.S.'s

current success and deprives the parties of equal time with their child. He argues removing S.G.S. from her current school district is similarly disruptive.

Our determination of these issues is based "primarily upon what is best for the *child*," not the parents. *In re Marriage of Hansen*, 733 N.W.2d 683, 695 (Iowa 2007). "The objective of a physical care determination is to place the child[] in the environment most likely to bring them to health, both physically and mentally, and to social maturity." *Id.* Primary factors we consider are "stability and continuity of caregiving." *Id.* at 696.

While these are distinct issues, we decline to review them in isolation but consider the entire record. *See Wilker v. Wilker*, 630 N.W.2d 590, 594 (Iowa 2001) ("[W]e are able to consult the record in its entirety and formulate our own opinion."). Affirming one without the other is not in the child's best interests because it would result in a substantial commute and frequent, unrealistic exchanges. *See Garland v. Dunn*, No. 21-0415, 2021 WL 5106447, at *3 (Iowa Ct. App. Nov. 3, 2021) ("Our case law makes clear that geographic distance alone between co-parents can make joint-care agreements unfeasible, especially as "the stress of the commute falls on the child disproportionately." (quoting *Thorpe v. Hostetler*, 949 N.W.2d 1, 6–7 (Iowa Ct. App. 2020))).

Travis argues Jacky's proposed schedule is motivated by her own convenience. Although Jacky may benefit from the shorter commute, the question is whether the schedule serves S.G.S.'s best interests. Upon our de novo review, we agree that it does. The original parenting schedule required S.G.S. to endure multiple exchanges throughout the week and considerable drivetime. The updated parenting schedule gives S.G.S. stability with less interruption. It provides her

substantial time with both parents, support from extended family, and fosters a relationship with her half-sibling. *See Van Gundy v. Bolton*, No. 18-1838, 2019 WL 2145848, at *3 (Iowa Ct. App. May 15, 2019) (finding there is "a strong interest" in keeping half-siblings together (quoting *In re Marriage of Orte*, 389 N.W.2d 373, 374 (Iowa 1986))).

Similarly, moving S.G.S. to the Baxter school district is in her best interests. Travis argues against this, emphasizing the differences between Ballard and Baxter. At trial, he testified that he respects Ballard's reputation, diversity, and proximity to both households. He also testified that S.G.S. is thriving academically and socially in the Ballard School District. But the question is whether the change is in S.G.S.'s *best interests*, not whether she was doing well despite her current situation. *See Hansen*, 733 N.W.2d at 695. While S.G.S. has community engagement in both households, changing school districts provides her greater opportunity for involvement. Under the updated parenting schedule, she will be consistently near her school and extracurricular activities most weekday mornings while simultaneously maintaining access to her father, his family, and the community where he lives.

While Travis disputes the district court's consideration of certain factors, it does not change the analysis. The district court placed substantial weight on the *chance* that S.G.S. may have ADHD or that Travis may start new employment, but these factors are not dispositive. *See Hansen*, 773 N.W.2d at 696 (using factors provided in Iowa Code § 598.41(3) to determine physical care). Instead, we focus our analysis on objective factors, such as the child's needs and the parents' abilities. *See* Iowa Code § 598.41(3) (2022). Because we find that the updated

parenting schedule serves S.G.S.'s best interests regardless of an ADHD diagnosis or change in Travis's career, we affirm the district court's decision.

### IV.    *Disposition.*

Because we find the changes in the parenting schedule and school district are in the child's best interests, we affirm.

**AFFIRMED.**