In re the MARRIAGE of Nina Carol SCHLENKER and George William Schlenker.

Upon the Petition of Nina Carol SCHLENKER, Appellant,

v.

And Concerning George William SCHLENKER, Appellee.

No. 64892.

Supreme Court of Iowa.

Jan. 14, 1981.

Robert H. Laden, Des Moines, for appellant,

Robert D. Hall, Ankeny, for appellee.

Considered by LeGRAND, P. J., and UHLENHOPP, McCORMICK, LARSON and SCHULTZ, JJ.

LeGRAND, Justice.

This twenty-three year marriage was dissolved by decree on March 31, 1980. The trial court divided the property which the parties had accumulated and made provision for the support of two minor children. The decree also ordered the respondent to pay alimony until March 31, 1982. On petitioner's appeal we modify and affirm.

I. *Finality of Decree*

Before reaching the complaints concerning support and alimony, we discuss and dispose of one other issue raised by this appeal. It concerns the trial court's retention of jurisdiction to review the alimony, support, and custodial provisions of the decree.

Although stopping short of forbidding the practice, we have discouraged the retention of jurisdiction to modify divorce decrees without a showing of change of circumstances. *In re Fenchel*, 268 N.W.2d 207, 209 (Iowa 1978); *In re Stom*, 226 N.W.2d 797, 799 (Iowa 1975); *Shipley v. Shipley*, 182 N.W.2d 125, 127 (Iowa 1970); *Wells v. Wells*, 168 N.W.2d 54, 57 (Iowa 1969); *Tallarico v. Tallarico*, 164 N.W.2d 805, 807 (Iowa 1969); *Betzel v. Betzel*, 163 N.W.2d 551, 554–55 (Iowa 1968).

What we learn from these cases is that trial courts should make final disposition of cases on the circumstances then existing. There may be exceptional cases justifying a departure from this rule although we "do

not foresee circumstances in which a dissolution court is justified in issuing its decree piecemeal." *Fenchel*, 268 N.W.2d at 209. Of course, the trial court always retains jurisdiction by statute to modify a divorce decree upon proof of change of circumstances. *Betzel*, 163 N.W.2d at 554. The question is whether it may do so absent such a change.

Only when the decree unequivocally provides for later trial court review without the necessity of showing a change of circumstances will we say this was the trial court's intent. Otherwise we consider statements concerning retention of jurisdiction as mere expressions of already existing authority. *Betzel*, 163 N.W.2d at 555 (language not intended to permit modification without proof of change of circumstances); *Wells*, 168 N.W.2d at 57 (stipulation of parties and language of decree clearly demonstrate intent to modify without requiring a change of circumstances.)

■ In the present case the decree included this provision:

The court shall retain jurisdiction so as to review the provision concerning alimony at the end of two years from the date of filing.

Regarding custody, the decree said "custody and visitation may be reviewed by the Court upon the application of either party within the next six months."

We confess to some doubt concerning the trial court's intent in making these provisions part of the decree. However, we believe what was said fits more the pattern of *Betzel* (where the decree was held to be final) than that of *Wells* (where we said it was not final). In keeping with our reluctance to recognize piecemeal decrees, we hold the one now before us was final and can be modified only upon a proper showing of change of circumstances.

This brings us to our de novo review of petitioner's specific complaints about alimony, support, and attorney fees. She makes no protest concerning the division of property.

## II. *Alimony*

■ Petitioner asserts two errors relating to alimony. First, she says the amount awarded is inadequate. Next, she complains about the early termination date.

The decree set alimony for the first year following the decree at $639 per month. The monthly stipend was then reduced to $439 per month for the next year. On March 31, 1982, (two years after the decree) alimony ceases.

At the time of trial, respondent earned approximately $26,000 per year. This was to be slightly increased for 1980. He will also receive rental from property awarded to him by the decree. Petitioner has virtually no employment skills. She suffers from a kidney disorder which has plagued her during most of the marriage. She has been hospitalized many times. She fears further recurrences of this condition, which she views as a serious deterrent to any gainful employment.

Petitioner says she should have $1,000 per month. She justifies this by listing expenses which equal or exceed that amount. However, we believe she was more than generous with herself in estimating what she needed.

Petitioner also argues that alimony should continue until she dies or remarries, relying on *In re Marriage of Ringus*, 226 N.W.2d 805, 807–08 (Iowa 1975) and *In re Marriage of Dowie*, 215 N.W.2d 276, 278 (Iowa 1974).

It appears the trial court set a two-year limit on alimony to encourage petitioner to become self-supporting. We believe two years is a reasonable time to determine her employment potential. At the end of that period, petitioner may show circumstances which will justify an extension of alimony payments. The decree places the burden on her to do so to avoid automatic termination. We do not disturb this provision.

■ However, we disagree with the decrease in alimony during the second year. We hold it should remain fixed at $639 per month, and we modify the decree to that extent.

### III. Reduction of Support During Periods of Visitation With Respondent

■ Respondent is to have the children for approximately three weeks during spring and summer vacation periods. During those times, support payments are reduced by one-half.

Petitioner asserts this is error, pointing to *In re Marriage of Fleener*, 247 N.W.2d 219, 221 (Iowa 1976) and *In re Marriage of Glass*, 213 N.W.2d 668, 670–71 (Iowa 1973), where we disapproved suspension of support payments during extended visitations with the father. We said much of the expense borne by the custodial parent continues while the children are temporarily out of the home and so should support payments.

Here the trial court took that into account by reducing, rather than suspending, support payments. Whether this is mathematically correct is doubtful. However, we cannot say it imposes a hardship on petitioner, and it accomplishes substantial fairness.

### IV. Insurance

■ Petitioner cannot obtain health insurance because of her kidney ailment. Respondent can continue coverage for her on the policy issued through his employer, even after the divorce, if the decree so provides. The additional cost is $35 per month.

The trial court made no provision concerning insurance. We modify the decree to provide that respondent shall continue petitioner as an insured under the health policy issued through his employer.

### V. Attorney Fees

■ Petitioner says the attorney fees allowed are inadequate. Without fixing what the fee should be, the trial court provided respondent should pay $300 toward petitioner's attorney fees.

Petitioner also used $500 from the joint funds of the parties to pay her attorney. The record shows petitioner's attorney (not the one who now represents her) failed to appear for several preliminary hearings. It was also necessary to continue trial of the case because he did not appear at the scheduled time. It is apparent counsel did not give his client the conscientious representation she deserved. Counsel's neglect not only penalized his own client, but was unfair also to respondent, whose attorney was compelled to attend additional court sessions and devote extra time to the case because of this indifference. Under the record before us, we refuse to disturb the award made.

### VI. Matters overlooked

Petitioner says the trial court "overlooked" certain matters it should have decided. One of these was the question of insurance, which we have already discussed. As to the other items, we believe the trial court considered them and decided the petitioner deserved no relief. We agree with this conclusion.

■ The trial court made a detailed division of property, to which no objection is made. Petitioner was awarded real estate upon which respondent had started, but not finished, certain repairs and alterations. Petitioner thinks he should be compelled to complete them. The trial court apparently thought otherwise, and so do we.

Other "overlooked" items include a propane gas bill and charges by the expert petitioner employed to appraise several parcels of real estate. The effect of the decree is to require petitioner to pay these. Again we agree with the trial court.

Finally petitioner says the decree makes no provision for liability concerning real estate taxes. In his brief respondent concedes each party should pay taxes on the real estate awarded to him or her. This is the effect of the decree as it now stands. We hold this is the correct result.

### VII. Summary

We modify the decree to provide alimony shall remain at $639 per month until March 31, 1982. We further modify to require respondent to maintain petitioner as a named insured under his employer's health insurance program.

In all other respects the decree is affirmed.

MODIFIED and AFFIRMED