**In re the MARRIAGE OF Douglas A. HOAG and Tammy S. Hoag**

**Upon the Petition of Douglas A. Hoag, Petitioner/Appellant/Cross-Appellee,**

**and Concerning Tammy S. Hoag, Respondent/Appellee/Cross-Appellant.**

No. 84–1499.

Court of Appeals of Iowa.

Nov. 26, 1985.

9

William J. Hargrafen, Muscatine, for petitioner/appellant/cross-appellee.

Gerald F. Denning, of Allbee, Allison & Denning, Muscatine, for respondent/appellee/cross-appellant.

Considered by DONIELSON, P.J., and HAYDEN and SACKETT, JJ.

SACKETT, Judge.

Petitioner Douglas Hoag and Respondent Tammy Hoag both challenge the child support award made by the trial court in their dissolution decree. Respondent also challenges the trial court's refusal to award her attorney fees.

The parties were married in 1977. Tammy was 17 and Douglas was 22. Two children were born to this marriage, one in 1980 and one in 1981. Douglas has a two-year associate degree in applied science and worked as a sales representative for a feed company for three years. In 1978 he joined his father and brother in a farm partnership. The partnership is involved in raising corn, soybeans, and hogs. Tammy worked for three years as a sales clerk and clerk typist. She quit working just prior to the birth of the oldest child. Since that time her employment outside the home has been minimal.

The parties had sold their personal residence for $48,000 prior to the dissolution hearing. The trial court ordered the proceeds to be paid 40 per cent to Douglas and 60 per cent to Tammy. The trial court determined Douglas's interest in the farm partnership to be $11,000 and awarded it to Douglas. Douglas was additionally ordered to pay farm debts and personal debts of the parties in the approximate amount of $1,200. The bank accounts and furniture of the parties has been divided.

Custody of the children was awarded to Tammy, and Douglas was ordered to pay $75 per week per child for child support. Incorporated in the decree was this provision: "Because of the farm economy and respondent's potential for employment the Court reserves jurisdiction to review child support in one year and to make appropriate adjustments without the need of showing a change in circumstances."[1]

Neither party was awarded alimony or attorney fees.

Douglas contends the child support is too high. Tammy contends it is too low. Although neither party challenges the property division, they re-examine the award as part of their argument on the child support issue. Douglas contends the trial court overvalued the interest in the farm partnership. Tammy contends it was undervalued. The trial court arrived at a fair and equitable valuation of the assets and made a property division that resulted in each party receiving just less than $30,-000 in net assets. The property division was fair and equitable. We do consider the

---

1. Although stopping short of forbidding the practice, the Iowa Supreme Court has discouraged the retention of jurisdiction to modify divorce decrees without a showing of change of circumstance. In *In re Marriage of Schlenker*, 300 N.W.2d 164, 165 (Iowa 1981), the court held that the trial courts should make final disposition of cases on the circumstances then existing. Recognizing there may be exceptional cases justifying a departure from this rule they do not foresee circumstances in which a dissolution court is justified in issuing its decree piecemeal. *Schlenker* at 165–66. We fail to find facts in this record justifying a departure from that rule.

property award in evaluating the child support. Iowa Code § 598.21(4)(b).

 In any order requiring child support, the court shall consider with other items the financial resources of both parents. At the time of the decree Tammy was earning less than $500 annually from Tupperware sales, and Douglas was drawing $1,200 for monthly living from the Production Credit Association.[2] Tammy argues the draw is net income to Douglas before taxes. She points to the gross income of the farm partnership as a factor we should consider in awarding support. The monthly draw increased the partnership's debt obligation to Production Credit Association. Neither the monthly draw nor the gross income truly reflect the actual income picture.

The partnership and Douglas operate as cash basis taxpayers. Their income fluctuates substantially from year to year. The partners do control the time of marketing and the labor and management put into the partnership. The record reflects Douglas and his partners are hardworking and astute. Their income is dependent on numerous other factors including the market conditions and weather over which they have no control.

A review of tax returns for the past five years show Douglas had approximately the following income from farming:

| 1979 | $ 8,000 Loss |
| 1980 | 3,100 Gain [3] |
| 1981 | 39,000 Loss |
| 1982 | 32,500 Gain [4] |
| 1983 | 14,300 Gain [3] |

An average of the past five years shows Douglas has earned from farming less than $4,000 or less than $800 a year.

Tammy argues we should look at cash flow, that Douglas has considerable earning potential, and that the parties' net worth had not decreased prior to trial.

Farming in Iowa today is frequently not a profitable operation, and farmers' net worths are not what they were several years ago. While we review the trial court's ruling from facts available to it at that time, we know now farming conditions did not improve in the year following the decree. And it is impossible to determine, as Tammy asks us to do, that Douglas has potential for substantial income as a farmer. What is the equitable solution to the problem?

Douglas is the father of two children. He owes to them a duty of support. He has chosen to be a farmer. Tammy is the mother of two children. She has assumed their physical care. She has a limited education, and in all probability because of the age of the children, she will be forced to spend a great deal of her income for child care expenses. She too owes them a duty of support.

These parties are not in this position because of lack of ambition or diligence. Theirs is a real problem in many farm families. Their problem is now more difficult because they have decided to live apart.

Douglas in his brief agrees to pay $40 per week per child. With his current financial picture, it is unrealistic to determine he can pay more.

We modify the child support to the amount of $40 per week per child. We further modify the decree by striking therefrom the provision allowing the support to be reviewed in one year absence a showing of change in circumstance.

 Tammy has requested attorney fees. She obtained an equal property settlement. There is no basis for Douglas to pay her attorney fees.

AFFIRMED AS MODIFIED.

---

**2.** The farm partnership had financed its operation with Production Credit Association.

**3.** This includes nontaxable gains on the sale of breeding stock.

**4.** This includes nontaxable gains on the sale of breeding stock. Because of a net operating loss carry-forward, the only tax paid was FICA.