In re the **MARRIAGE OF Ruth Elizabeth SJULIN and Richard Lesley Sjulin.**

Upon the **Petition of Ruth Elizabeth Sjulin, Appellee,**

And Concerning **Richard Lesley Sjulin, Appellant.**

No. 87–1692.

Supreme Court of Iowa.

Nov. 23, 1988.

Gary T. Gee, Shenandoah, for appellant.

Vicki R. Danley, Sidney, for appellee.

Considered by LARSON, P.J., and SCHULTZ, CARTER, SNELL, and ANDREASEN, JJ.

ANDREASEN, Justice.

This is an appeal from the district court order that modified the alimony provisions of the dissolution decree. The court of appeals reversed the district court and found the petitioner had failed to sustain her burden to show a material change in circumstances had occurred since the dissolution was granted. Upon further review, we vacate the court of appeals ruling and affirm the district court order.

## I. *Background.*

The parties' marriage of thirty-two years was dissolved in August of 1982. The dissolution decree approved and incorporated the terms of a stipulation between the parties. The decree ordered the sale of the parties' home, the major marital asset, and provided for the division of the net proceeds from the sale and all other remaining property. It also ordered the respondent, Richard Lesley Sjulin (Richard), to pay alimony to the petitioner, Ruth Elizabeth Sjulin (Elizabeth). The decree provided

> Respondent shall pay to petitioner as alimony the sum of $175 bi-weekly, commencing August 13, 1982, and continuing bi-weekly thereafter until the house of the parties is sold, whereupon alimony shall decrease to the sum of $100 bi-weekly for five (5) years. This court retains jurisdiction to review this matter at the end of five years based on the respective financial conditions of the parties.

In May of 1987 Elizabeth filed an application for modification of the dissolution decree. The application alleged that she continued to need alimony for her support and asked that alimony be continued at its present rate. She later amended the application to request alimony at the rate of $200 bi-weekly, attorney fees and costs. Richard denied the allegation and asked that the application be dismissed. The application was heard by the district court in August of 1987.

The court filed its rulings and order on November 10, 1987. It found there had been a substantial and material change of circumstances since the dissolution decree was entered. The court ordered

> that the alimony shall continue at the rate of $100 bi-weekly commencing November 1, 1987, and continue until Petitioner Ruth Sjulin remarries or dies, or upon the death of Richard, whichever event should first occur.

Richard appealed from this ruling and order.

The court of appeals concluded the dissolution decree could be modified only upon a proper showing of a change of circumstanc-es. It held Elizabeth failed to sustain her burden to show a change of circumstances and it reversed the district court. Elizabeth then filed her application for further review and asked that the district court allow her alimony and that the amount be increased to $125 bi-weekly. She also made application for allowance of appellate attorney fees. We granted further review.

## II. *Alimony.*

The term alimony usually and technically means an allowance for spousal support and is distinguishable from property division and child support. *Brin v. Brin*, 240 Iowa 659, 661, 37 N.W.2d 261, 262 (1949). A division of property has for its basis the spouse's right to a just and equitable share of that property which has been accumulated by the parties as a result of their joint efforts during the years of the marriage to serve their mutual needs. *Knipfer v. Knipfer*, 259 Iowa 347, 353, 144 N.W.2d 140, 143 (1966). Alimony is an allowance to the spouse in lieu of the legal obligation for support. *See In re Marriage of Hitchcock*, 309 N.W.2d 432, 437 (Iowa 1981). Alimony is not an absolute right. *See In re Marriage of Maskel*, 225 N.W.2d 115, 120 (Iowa 1975). We have previously stated:

> When the court awards alimony, however, it refuses to wipe clean the marital slate. The court determines, instead, the husband has a continuing support obligation and the lots of the parties are to this extent still bound together. The reach of that obligation may vary with the financial fates of the parties, but the obligation has been created and it survives the marriage.

*In re Marriage of Carlson*, 338 N.W.2d 136, 140 (Iowa 1983).

## III. *Need to Show Substantial Change in Circumstances.*

Both the trial court and the court of appeals concluded Elizabeth must establish a substantial change in circumstances before the court could modify the alimony provision of the dissolution decree. Iowa Code section 598.21(8)(1987) provides that

"[t]he court may subsequently modify orders made under this section when there is a substantial change in circumstances." The statutory authorization for modification based upon a change in circumstances has existed for over 100 years. *See In re Marriage of Marshall*, 394 N.W.2d 392, 397 (Iowa 1986) (Larson, J., dissenting). We have long recognized the well-established rule that the modification of an alimony award is proper only when there has been a material and substantial change in the circumstances of the parties making it equitable that different terms be fixed. *See In re Marriage of Glass*, 213 N.W.2d 668, 671 (Iowa 1973).

Elizabeth argues under the terms of the dissolution decree that she is only required to show that she still needs alimony. She urges the language of the decree expresses a clear intent that the court retain jurisdiction to modify the alimony provision without the necessity of showing a change of circumstances. As authority for an exception to the general rule, she cites the case of *In re Marriage of Schlenker*, 300 N.W.2d 164 (Iowa 1981). In *Schlenker*, we expressed our distaste for decrees that retain jurisdiction to review alimony, child support, or custody. While retention of jurisdiction is discouraged, it is not forbidden. *Id.* at 165. Only when the decree unequivocally provides for later trial court review without the necessity of showing a change of circumstances will we find this was the court's intent. *Id.* at 166. In *Schlenker* the trial court ordered the respondent to pay alimony until March 31, 1982. The decree further provided:

> The court shall retain jurisdiction so as to review the provision concerning alimony at the end of two years from the date of filing.

We held the language of the decree was final and could be modified only upon a *proper showing of a change of circumstances.*

The language of the *Schlenker* decree is similar to the language in the present case. We agree that the decree does not unequivocally provide for later court review without proof of a change of circumstances. We again express our reluctance to recognize piecemeal decrees.

### IV. *Proof of Substantial Change in Circumstances.*

Our review is de novo; we give weight to the findings of the trial court but are not bound by them. Iowa R.App.P. 4 & 14(f)(7). Our duty is to examine the entire record and adjudicate rights anew on those questions properly presented. *In re Marriage of Novak*, 220 N.W.2d 592, 597 (Iowa 1974). The burden is on the party seeking modification of a dissolution decree to prove a substantial change in circumstances from the time the decree was entered which makes modification of the decree equitable and just. Even if a substantial change is shown, we will not modify the terms of the decree unless its enforcement will be attended by a positive wrong or injustice as a result of changed conditions. *Ellis v. Ellis*, 262 N.W.2d 265, 267 (Iowa 1978).

Iowa Code section 598.21(8)(1987) states in part:

> In determining whether there is a substantial change in circumstances, the court shall consider the following:
>
> a. Changes in the employment, earning capacity, income and resources of a party.
>
> . . . .
>
> c. Changes in the medical expenses of a party.
>
> . . . .
>
> f. Changes in the residence of a party.
>
> g. Remarriage of a party.
>
> . . . .
>
> k. Other factors the court determines to be relevant in an individual case. . . .

During the marriage, Elizabeth was the homemaker and mother of their two children. She was not employed outside of the home and did not have vocational skills or training. Soon after the dissolution of marriage she secured employment at a health care center. Her initial wage of $3.35 per hour has increased to $4.13 per hour. Her gross annual wage at the health

777 at top right

care center has increased from $6600 in 1983 to $8100 in 1987. Her net income is approximately $500 per month while her current expenses are $900 per month.

During the marriage Richard graduated from the State University of Iowa and then returned to Hamburg, Iowa to work in his family nursery business. His gross annual wage of approximately $20,500 has remained the same from the time of the marriage dissolution until the modification hearing. He has taken additional college courses in accounting in anticipation that he would be losing his nursery job later in 1987. The nursery was involved in bankruptcy proceedings which would soon be completed. His net income is approximately $1400 per month, while his current expenses are $950 per month.

Elizabeth suffered stress and emotional problems at the time of the dissolution. She had been hospitalized for alcohol-related problems. She remains an alcohol-dependent person.

At the time of the dissolution she was living in a duplex, paying $140 per month rent. She now is living in an apartment paying $199 per month rent. Under the terms of the decree Richard was given the right to possess the parties home pending its sale. After the home was sold in 1982, he purchased another home and is making house payments of $250 per month. Richard remarried in 1983 and his wife, Cheryl, is a supervisor at the health center. Her annual gross wages average over $10,000.

We consider the language of this decree a relevant factor. In *Schlenker,* we suggested that the unknown earning potential of a spouse would properly be considered in determining if an extension of alimony was justified. *See In re Marriage of Schlenker,* 300 N.W.2d 164, 166 (Iowa 1981). The employment potential of Elizabeth was unknown at the time the dissolution decree was entered. Her income and earning capacity can now be established.

When we consider all of the circumstances, including Elizabeth's needs and Richard's ability to provide support, we find it equitable and just that the decree be modified as provided by the trial court. Because Elizabeth did not cross-appeal from the district court order we cannot now consider awarding an increase in the amount of alimony. *See Sandler v. Sandler,* 258 Iowa 84, 86–87, 137 N.W.2d 591, 592 (1965).

### V. *Appellate Attorney Fees.*

In a proceeding to modify a dissolution decree the court may award reasonable attorney fees. In evaluating Elizabeth's request for $1110 attorney fees on appeal, we consider both the needs of the party making the request and the ability of the other party to pay. We conclude that a reasonable allowance should be made and hereby ordered that Richard pay $750 of the attorney fees incurred by Elizabeth on appeal in this case and the costs of appeal.

DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT JUDGMENT AFFIRMED.

All Justices concur except CARTER, J., who concurs specially.

CARTER, Justice, (concurring specially).

I concur in the result which the court reaches. I believe, however, that the language of the original decree was sufficient to permit the court to later review the alimony issue without requiring Elizabeth to show a substantial change of circumstances.