In re MARRIAGE OF Randall W. VANDERGAAST and Sarah N. Vandergaast.

Upon the Petition of

Randal W. Vandergaast, Petitioner–Appellant,

And Concerning

Sarah N. Vandergaast, Respondent–Appellee.

No. 96–2225.

Court of Appeals of Iowa.

Nov. 25, 1997.

John D. Brown, Emmetsburg, for petitioner–appellant.

John B. Bjornstad, Spencer, for respondent–appellee.

Heard by SACKETT, P.J., and VOGEL and MAHAN, JJ., but decided en banc.

MAHAN, Judge.

Randal Vandergaast appeals a modification of a dissolution decree awarding primary physical care of the parties' children to Sarah Vandergaast. During the original divorce proceedings on October 18, 1995, the parties stipulated Randal would have primary physical custody of the children, but on or after June, 1, 1996, Sarah could request automatic review of the custodial arrangement without the necessity of showing a change of circumstances. On June 3, 1996, Sarah filed a Petition for Modification of Decree seeking, among other things, primary physical care of the children. The district court modified the decree, transferring custody of the children to Sarah after stating it would not determine whether there had been a change in circumstances. Randal now alleges the court should have required Sarah to show a substantial change in circumstances as required by Iowa Code section 598.21(8).

**I. SCOPE OF REVIEW.** Our review of this equitable proceeding is de novo. Iowa R.App.P. 4. We have a duty to examine the entire record and adjudicate anew rights on the issues properly presented. *In re Marriage of Miller*, 532 N.W.2d 160, 162 (Iowa App.1995). We give weight to the fact findings of the trial court, especially when considering the credibility of witnesses, but are not bound by them. Iowa R.App.P. 14(f)(7).

**II. PRIMARY PHYSICAL CARE.** Our appellate courts have looked with disfavor upon decrees which allow future review of child custody issues without the necessity of a showing of a change in circumstances. *See In re Marriage of Schlenker*, 300 N.W.2d 164, 165–66 (Iowa 1981); *In re Fenchel*, 268 N.W.2d 207, 209 (Iowa 1978); *In re Marriage of Stom*, 226 N.W.2d 797, 799 (Iowa 1975); *Shipley v. Shipley*, 182 N.W.2d 125, 127 (Iowa 1970); *Betzel v. Betzel*, 163 N.W.2d 551, 555 (Iowa 1968); *In re Marriage of Kurtt*, 561 N.W.2d 385, 388 (Iowa App.1997); *In re Marriage of Hoag*, 380 N.W.2d 8, 9 (Iowa App.1985). Although stopping short of completely forbidding the practice, the supreme court has discouraged retention of jurisdiction to modify dissolution decrees without a showing of change of circumstances. *Schlenker*, 300 N.W.2d at 165. Trial courts should make final disposition of cases on circumstances then existing. *Id.* There may be exceptional cases allowing a

departure from this rule, but our courts have been unable to foresee any such circumstances allowing a court to issue its decree piecemeal. *Id.* Only when a decree unequivocally provides for later trial court review without the necessity of showing change of circumstances will we say this was the trial court's intent. *Id.* Even if the trial court did unequivocally intend such a departure from the normal standard of review, we have determined we will not allow the provision unless there are facts justifying the departure. *See Hoag,* 380 N.W.2d at 9.

■ In this instance the court approved the parties' stipulation which states: "The parties agree that the Respondent may, without the necessity of showing a change of circumstances, request an automatic review of the custodial arrangement on or after June 1, 1996." We find the trial court unequivocally provided for later review without a showing of change in circumstances. Thus, we must determine whether it was appropriate to depart from the general rule.

■ In drafting the child custody provisions of the Iowa Code, the legislature has been careful to direct the courts to address the best interests of the child. *See* Iowa Code § 598.41 (1997). Our supreme court has said:

> [T]he Court, when granting a divorce, should not make a mere temporary order for custody when this can be avoided. A temporary order in such a case is apt to cause hardship, unhappiness, and instability in the lives of the parents of children.

*Betzel,* 163 N.W.2d at 555. The court also stated temporary provisions should be employed with caution due to the risk of trauma which may arise with a subsequent transplant of the child. *Shipley,* 182 N.W.2d at 127; *In re Marriage of Blessing,* 220 N.W.2d 599, 605 (Iowa 1974). It is well settled children need a stable and caring home environment. *In re Marriage of Rierson,* 537 N.W.2d 806, 808 (Iowa App.1995). We agree with these statements and find temporary provisions such as the provision in the case at bar are rarely, if ever, in the best interests of the children.

We are also concerned that the parties may use such stipulations for purposes other than the best interests of the children. Such bifurcated trials are disfavored; all of the issues should be decided at once on the circumstances then existing.

■ In this instance Sarah alleges she accepted the stipulation and did not fight for custody at the time of the original decree because her attorney told her she would probably lose. Seemingly, this was a tactical decision to allow Sarah time to show her stability, and possibly to allow Randal to falter. There is no evidence of any other reason for the stipulation and order. We find this is not one of the rare occasions allowing a departure from the general rule.

■ However, Randal and Sarah entered into the stipulation voluntarily and the trial court lent its approval. It would be unfair to Sarah to now rule such stipulation was void and that she was under a burden to show a substantial change in circumstances. Such would involve detrimental reliance on the part of Sarah. In addition, the children have been with her for a substantial period of time following the modification. The circumstances of this case lead us to conclude that it would be contrary to the best interests of the children to once again change their primary placement. For these reasons, we affirm the decision of the trial court.

■ We find in future cases that prior to entering *any* provision into a decree of dissolution allowing future review of child custody without the necessity of a showing of a change in circumstances, the trial court must require a showing that the case is within the exceptional circumstances contemplated by the supreme court in *Schlenker.* Such showing must be on the record and a finding stating the reasons for the stipulation must be stated in the decree.

**AFFIRMED.**

All judges concur, except CADY, C.J., and STREIT, J., who dissent.

CADY, Chief Judge (dissenting).

I respectfully dissent. I believe the effect of the long-standing rule against retention of

jurisdiction to modify child custody has always been that a party who wishes to avoid the rule must show exceptional circumstances. *See In re Marriage of Schlenker,* 300 N.W.2d 164, 165–66 (Iowa 1981). The majority concludes Sarah has not shown exceptional circumstances. Consequently, we are obligated to enforce the law in this case, as we are in all cases.

STREIT, J., joins this dissent.