# IN THE COURT OF APPEALS OF IOWA

No. 15-0715
Filed December 23, 2015

**Upon the Petition of**
**MATTHEW JORGENSEN,**
     Petitioner-Appellant,

**And Concerning**
**TERRA L. MEYER,**
     Respondent-Appellee.

_____

Appeal from the Iowa District Court for Black Hawk County, George L. Stigler, Judge.


Father appeals from the ruling on his petition to modify the parties' decree regarding child custody and care. **AFFIRMED.**


John J. Rausch of Rausch Law Firm, P.L.L.C., Waterloo, for appellant.

R. Scott Rhinehart of Rhinehart Law, P.C., Sioux City, for appellee.


Considered by Danilson, C.J., and Mullins and McDonald, JJ.

**MCDONALD, Judge.**

Matthew Jorgensen and Terra Meyer are the parents of L.J. On April 13, 2012, the district court entered a stipulated decree in which the parties agreed to joint custody and shared physical care of L.J. At the time of the decree, Matthew resided in Cedar Falls and Terra resided in Minnesota. Despite the physical distance between Matthew and Terra, they made the shared care arrangement work by meeting at a midpoint in Mason City for weekly child care exchanges. Modification of the parties' stipulated decree was, to some extent, contemplated by the parties. At the time of the decree, Terra stated it was her intent to return to Cedar Falls. She did not do so. In anticipation of that event, the decree provided that "[t]he parties acknowledge that one year before L.J. is old enough to attend kindergarten, that if the parties can't agree where he will attend kindergarten that a modification of this matter will need to be filed with the court." On March 27, 2014, Matthew filed his petition to modify the parties' decree. The district court modified the decree and awarded Terra physical care of L.J. with Matthew to have liberal visitation. The district court also awarded Terra attorney's fees. Matthew timely filed this appeal.

We review this equitable proceeding de novo. *See Lambert v. Everist*, 418 N.W.2d 40, 42 (Iowa 1988); *see* Iowa R. App. P. 6.907. Our court reviews the entire record and decides anew the factual and legal issues presented. *See In re Marriage of Williams*, 589 N.W.2d 759, 761 (Iowa Ct. App. 1998). "Although we make our own findings of fact, when considering the credibility of witnesses the court gives weight to the findings of the trial court even though we are not

bound by them." *In re Marriage of Hoffman*, 867 N.W.2d 26, 32 (Iowa 2015). We consider the unique facts and circumstances of this case; prior cases provide little precedential value. *See In re Marriage of Kleist*, 538 N.W.2d 273, 276 (Iowa 1995); *In re Marriage of Snowden*, No. 14-1920, 2015 WL 4233449, at *1 (Iowa Ct. App. Jul. 9, 2015) ("All happy families are alike; each unhappy family is unhappy in its own way." (quoting Leo Tolstoy, *Anna Karenina* 1 (1873))).

One of the most significant modifications made in family law is the change of physical care. *See In re Marriage of Thielges*, 623 N.W.2d 232, 236 (Iowa Ct. App. 2000). The parent requesting the modification must prove, by a preponderance of the evidence, there is a substantial and material change in circumstances. *See Hoffman*, 867 N.W.2d at 32. The circumstances that have changed "must not have been contemplated by the court" and "must be more or less permanent, not temporary." *In re Marriage of Frederici*, 338 N.W.2d 156, 158 (Iowa 1983); *see also Melchiori v. Kooi*, 644 N.W.2d 365, 368 (Iowa Ct. App. 2002). The parent requesting modification must show the circumstances relate to the welfare of the child and "prove an ability to minister more effectively to the child's well being." *Hoffman*, 867 N.W.2d at 32. "The heavy burden upon a party seeking to modify custody stems from the principle that once custody of children has been fixed it should be disturbed only for the most cogent reasons." *Frederici*, 338 N.W.2d at 158.

Like the district court, we first address the propriety of the original stipulated decree. Specifically, we address the decretal provision acknowledging modification may be necessary. Iowa "courts have looked with disfavor upon

decrees which allow future review of child custody issues without the necessity of a showing of a change in circumstances." *See In re Marriage of Vandergaast*, 573 N.W.2d 601, 602 (Iowa Ct. App. 1997). Temporary provisions "are rarely, if ever, in the best interests of the children." *Id.* at 603. The Iowa Supreme Court has disfavored the retention of jurisdiction to modify such decrees without a change of substantial circumstances. *See id.* at 602. However, the Iowa Supreme Court has not forbidden the practice. *See In re Marriage of Schlenker*, 300 N.W.2d 164, 165 (Iowa 1981). "Only when a decree unequivocally provides for later trial court review without the necessity of showing a change of circumstances will we say this was the trial court's intent." *Id.* at 166. As in prior cases, we discourage the use of such provisions. Nonetheless, like the district court, we conclude modification of the parties' decree is necessary under the circumstances. The physical distance between the parents, now that L.J. is school age, makes shared physical care impossible. *See Vandergaast*, 573 N.W.2d at 603 (stating "[e]ven if the trial court did not unequivocally intend such a departure from the normal standard of review, we have determined we will not allow the provision unless there are facts justifying the departure"); *In re Marriage of Ruckman*, No. 13-1920, 2014 WL 3748601, at *7 (Iowa Ct. App. July 30, 2014) (modifying custody without a substantial change in circumstances when stipulated original decree allowed for modification absent a substantial change and modification was in the best interests of the child).

Both parents are good and loving parents and can effectively minister to the child's needs. Matthew is forty-six years old and lives in Cedar Falls. He

graduated from the University of Northern Iowa. Matthew owns his own business, Cedar Valley Records Management, and works from nine to three o'clock during the week. Matthew earned $52,800 in 2014, and his parents gift him money each year as an early inheritance. He married Melissa Jorgensen in 2012, and she works as a real estate agent. Melissa has two children ages seventeen and nineteen. When L.J. is under Matthew's physical care, he attends pre-school at the Clover Patch. Terra is forty-three years old and lives in Jackson, Minnesota. She is a high-school graduate with some college. Terra works for her fiancé, Douglas Deel, at Last-Deck, Inc. from eight to five o'clock. Terra earned $45,322 in 2014. She has four children, and two of the children are twenty-one and twenty years of age. She also has a daughter V.K., L.J.'s half-sibling, who is twelve years of age.

We agree with the district court that L.J.'s relationship with his half-sibling, V.K., is the deciding factor in this case. V.K. testified to her relationship with L.J. The siblings play together, go outside together, and go fishing. L.J. would be able to ride the bus to school with his sister if he were to attend kindergarten in Minnesota. V.K. testified she misses her brother when he is gone for the one week period every other week. "Siblings should not be separated without good and compelling reasons." *See Marriage of Winter*, 223 N.W.2d 165, 168 (Iowa 1974). "In order for a court to depart from this general rule, it must appear that separation may better promote the long-range interests of [the child]." *In re Marriage of Orte*, 389 N.W.2d 373, 374 (Iowa 1986) (citation and internal

quotation marks omitted). This general rule applies to half-siblings as well. *See id.* at 374.

Matthew has not demonstrated compelling circumstances justifying a departure from the general rule. While Matthew identified a single, but important, instance in which Terra failed to communicate information regarding L.J. to Matthew, that instance does not constitute a compelling circumstance.[1] Matthew also argues L.J.'s grandmother and other extended family members reside in Cedar Falls. We acknowledge the importance of L.J. maintaining relationships with his extended family. Those relationships can be maintained, however, given the liberal visitation granted. In addition, L.J.'s relationships with his extended family should not be to the detriment of L.J.'s relationship with his half-sibling. Matthew has failed to show separation of the siblings is better to promote the long-range interests of L.J. We thus affirm the modification of the parties' decree.

Matthew also challenges the district court's award of $10,000 for attorney's fees. Trial courts have considerable discretion to award attorney's fees. *See McKee v. Dicus*, 785 N.W.2d 733, 740 (Iowa Ct. App. 2010); *see also* Iowa Code § 598.36 (2013) ("In a proceeding for the modification of an order . . . the court may award attorney fees to the prevailing party in an amount deemed reasonable by the court."). An award for trial court attorney's fees may be disturbed only if the trial court abused its discretion. *McKee*, 785 N.W.2d at 740.

---

[1] Notwithstanding our conclusions reached here, the parties are informed that a failure to communicate may constitute evidence supporting a subsequent modification. *See In re Marriage of Whalen*, 569 N.W.2d 626, 629 (Iowa Ct. App 1997). Such communication should include any important events in the child's life including attending counseling.

An award of trial court attorney's fees depends on the financial circumstances and earnings of the parties. *See In re Marriage of Whalen*, 569 N.W.2d 626, 631 (Iowa Ct. App. 1997). Under the totality of the circumstances we find no abuse of discretion.

Terra requests appellate attorney fees. We have the discretion to award attorney's fees on appeal. *See In re Marriage of Berning*, 745 N.W.2d 90, 94 (Iowa Ct. App. 2007). When determining whether an award of appellate attorney fees is appropriate, we look to the requesting party's financial needs, the other party's ability to pay, and whether the requesting party was obligated to defend the trial court's ruling on appeal. *See id.* We have considered these factors and decline to award appellate attorney fees to Terra under the circumstances of this case.

**AFFIRMED.**