**IN THE COURT OF APPEALS OF IOWA**

No. 15-0600
Filed December 23, 2015

**IN RE THE MARRIAGE OF ROBERT M. HAYDEN
AND JEAN HASKELL**

**Upon the Petition of
ROBERT M. HAYDEN,**
      Petitioner-Appellant,

**And Concerning
JEAN HASKELL,**
      Respondent-Appellee.

_____

      Appeal from the Iowa District Court for Polk County, Mary Pat Gunderson,

Judge.


      Robert Hayden appeals from the modification of the spousal support

provisions of the decree dissolving his marriage to Jean Haskell.  **AFFIRMED.**


      Kodi A. Brotherson of Becker & Brotherson Law Offices, Sac City, and

Leslie Babich of Babich Goldman, P.C., Des Moines, for appellant.

      Andrew B. Howie of Hudson, Mallaney, Shindler & Anderson, P.C., West

Des Moines, for appellee.


      Considered by Potterfield, P.J., and Doyle and Tabor, JJ.

**POTTERFIELD, Presiding Judge.**

Robert Hayden appeals from the modification of the spousal support provisions of the decree dissolving his marriage to Jean Haskell. In the original decree filed in May 2013 dissolving the parties' thirty-two year marriage, Hayden was ordered to pay $7500 per month in spousal support (once the marital residence was sold),[1] the cost of Haskell's medical insurance, and the premiums on a $400,000 life insurance policy.

While his appeal from the decree was pending,[2] Hayden filed an application to modify the spousal support order. Following a hearing on the application,[3] the district court found Hayden's fluctuation in income was within the contemplation of the court at the time the original decree was entered. The court questioned whether Hayden was improperly intent on depriving Haskell of support. The district court agreed, however, that even though Haskell remained incapable of self-support, her cohabitation and resulting assistance with expenses constituted a material change of circumstances warranting modification.

The court observed that Haskell's support need was "a very different number from the monthly spousal support currently being paid." The court

[1] Prior to the sale of the house, Hayden was paying $6000 per month in alimony plus Haskell's monthly house and car payments (together $3459). Thus, upon the sale of the marital residence, Hayden's spousal support obligation was reduced from $9459 to $7500 per month.

[2] On May 29, 2014, we affirmed the duration of spousal support and medical support awarded in the decree. *In re Marriage of Hayden*, No. 13-0961, 2014 WL 2343209, at *2-3 (Iowa Ct. App. May 29, 2014).

[3] Hayden testified that at the time he filed his application to modify spousal support in February 2014, he was receiving income from two employers (combined, his annual salaries totaled $369,000), which was substantially more than he was earning at the time the decree was entered—we acknowledge that a portion of that income was severance which was to end in July 2014.

determined Haskell continued to need spousal support but in a lesser amount. The court modified Hayden's support obligation to $5000 per month commencing May 1, 2015, and continuing thereafter until Haskell's remarriage, his death, or her death. Hayden was to continue paying for Haskell's health insurance and maintain the life insurance policy. The court ordered Hayden to pay Haskell's attorney fees in the amount of $10,000.[4]

Hayden appeals, seeking the further reduction of his spousal support obligation to Haskell to $2500 per month. He also asks that we reverse the award of trial attorney fees.

We review an order modifying a decree for dissolution of marriage de novo. *In re Marriage of Sisson*, 843 N.W.2d 866, 870 (Iowa 2014). We give weight to the findings of the district court, especially with regard to the credibility of witnesses, but are not bound by them. *Id.* We will disturb the trial court's ruling only when there has been a failure to do equity. *Id.*

"[W]e give the district court considerable discretion in determining whether it should award fees at the district court level." *In re Marriage of Michael*, 839 N.W.2d 630, 639 (Iowa 2013).

"Provisions for the payment of support in a decree of dissolution of marriage are normally final as to the circumstances existing at the time." *Sisson*, 843 N.W.2d at 870. Courts are permitted to "modify child, spousal, or medical support orders when there is a substantial change in circumstances." Iowa Code § 598.21C(1) (2013). All relevant factors are considered in determining a

---

[4] Haskell testified her attorney fees for the modification were $34,000. Hayden testified he owed attorney fees in excess of $45,000 for the modification action.

substantial change in circumstances, including "[c]hanges in employment, earning capacity, income, or resources of a party"; a party's receipt of "an inheritance, pension, or other gift"; "[c]hanges in medical expenses"; and changes to health, residence, and marital status. *Id.* § 598.21C(1); *see Sisson*, 843 N.W.2d at 870. "Of course, the changed circumstances must be material and substantial, essentially permanent, and not within the contemplation of the court at the time of the decree." *Sisson*, 843 N.W.2d at 870–71.

As the party seeking modification of the decree, Hayden has the burden of establishing he is entitled to a modification by a preponderance of the evidence.[5] *See In re Marriage of McCurnin*, 681 N.W.2d 322, 329-30 (Iowa 2004). Moreover, "[e]ven if a substantial change is shown, we will not modify the terms of the decree unless its enforcement will be attended by a positive wrong or injustice as a result of changed conditions." *In re Marriage of Sjulin*, 431 N.W.2d 773, 776 (Iowa 1988). Having reviewed the record de novo, we agree with the trial court there has been a substantial change of circumstances warranting a reduction in spousal support. *See In re Marriage of Ales*, 592 N.W.2d 698, 703 (Iowa Ct. App. 1999) ("Cohabitation can affect the recipient spouse's need for spousal support and is therefore a factor to consider in determining whether there has been a substantial change in circumstances warranting modification."). The person with whom Haskell cohabits pays for half of the housing and living expenses. The trial court noted Haskell's monthly expenses are $4292.22: "This is assuming she continues to receive the COBRA insurance or similar other

---

[5] We do not review this modification action as we would an appeal from the dissolution decree and much of Hayden's analysis concerning the decision of *In re Marriage of Gust*, 858 N.W.2d 402 (Iowa 2015), is inapposite.

health insurance from [Hayden]." We find no reason to disturb the amount ordered in the modified decree.[6] Hayden earns $11,668 per month. Haskell derives her income solely from spousal support. While we reluctantly modify support orders in a dissolution decree,[7] *see Sisson*, 843 N.W.2d at 870, a reduction in support to $5000 per month is equitable.

Hayden objects to the award of attorney fees to Haskell in the modification proceedings. Attorney fee awards in modification proceedings are addressed in Iowa Code section 598.36.

> The section provides that the district court "may award attorney fees to the prevailing party in an amount deemed reasonable by the court." Iowa Code § 598.36. We have emphasized that the language of the provision is permissive and that we give the district court considerable discretion in determining whether it should award fees at the district court level. *See In re Marriage of Maher*, 596 N.W.2d 561, 568 (Iowa 1999). We have similar discretion in awarding appellate attorney fees. *See id.* We have

---

[6] We do not consider Hayden's arguments concerning future retirement (which were determined to be premature on direct appeal) at this time. *See In re Marriage of Gust*, 853 N.W.2d 402, 418 (Iowa 2015) (concluding the question of whether obligor's spousal support should be modified upon retirement "must be made in a modification action when retirement is imminent or has actually occurred"). Moreover, his concluding paragraphs in which he asserts the duration of spousal support should be altered were rejected on his direct appeal. *See Hayden*, 2014 WL 2343209, at *1-2 (rejecting Hayden's arguments his spousal support obligation should terminate or decrease on his retirement, and he should only be required to provide supplemental insurance coverage when Haskell begins receiving Medicare).

[7] The court in *Gust* reemphasized that we give "considerable latitude" in questions of spousal support. 858 N.W.2d at 406. "'This deference to the trial court's determination is decidedly in the public interest. When appellate courts unduly refine these important, but often conjectural, judgment calls, *they thereby foster appeals in hosts of cases, at staggering expense to the parties wholly disproportionate to any benefit they might hope to realize.*'" *Id.* at 407 (emphasis added) (citation omitted).

This case epitomizes the court's stated concern. Through the dissolution and first appeal, this court noted Haskell had incurred about $46,000 in attorney fees. *See Hayden*, 2014 WL 2343209, at *2-3 ($42,000 for trial and more than $4800 for appeal). She incurred an additional $34,000 in attorney fees in the modification proceedings below (of which the district court ruled Hayden should pay $10,000). She has submitted an affidavit showing her appellate attorney fees are in excess of $10,000. Hayden testified below his own attorney fees for the modification proceedings exceeded $45,000.

often explained the controlling considerations in the attorney fee determination are the parties' respective abilities to pay. . . . We may also consider whether a party resisting the modification petition was successful, and whether a party has been obliged to defend the trial court's decision on appeal.

*Michael*, 839 N.W.2d at 639.

Hayden complains that Haskell was not a "prevailing party" in the district court and should not have been awarded attorney fees. At trial, Hayden argued his spousal support obligation to Haskell "should be terminated as of March 1, 2015 because she is cohabitating and being substantially supported." If not terminated, he argued it should be reduced from $7500 per month to $1000 to $2000 per month, despite her expenses in excess of $4000 per month. On appeal, he argues that his former spouse of thirty-two years (who he admits has no earning capacity) should have her spousal support further reduced from the modified amount of $5000 per month. Hayden makes more than $11,500 per month. And though the court found that Haskell's need for support had been reduced somewhat, Haskell successfully defended her continuing need for spousal support. We find no abuse of the trial court's discretion.

Haskell seeks an award of appellate attorney fees. Haskell has had to defend the district court's award of spousal support. She has submitted an affidavit showing her appellate attorney fees are in excess of $10,000. Hayden has not prevailed on the issues he raised. He is able to pay attorney fees while Haskell's source of income is her spousal support. We order Hayden to pay $5000 towards Haskell's appellate attorney fees. We deny Hayden's request for appellate attorney fees.

**AFFIRMED.**