# IN THE COURT OF APPEALS OF IOWA

No. 23-0350
Filed May 22, 2024

IN RE THE MARRIAGE OF LONNIE DALE NYE
AND HEATHER MARIE NYE

Upon the Petition of
**LONNIE DALE NYE,**
        Petitioner-Appellant,

**And Concerning**
**HEATHER MARIE NYE, n/k/a HEATHER MARIE GADAU,**
        Respondent-Appellee.

_____

        Appeal from the Iowa District Court for Lee (North) County, John M. Wright,

Judge.


        Lonnie Nye appeals the district court's denial of his petition for modification

concerning a property-distribution provision of the parties' decree. **AFFIRMED.**


        Kelly L. Grossman of The Law Shop by Skogerson McGinn LLC, Van Meter,

for appellant.

        William Monroe of Law Office of William Monroe, Burlington, for appellee.


        Heard by Bower, C.J., and Badding and Langholz, JJ.

**BOWER, Chief Judge.**

Twelve years after a property settlement was reached between Lonnie Nye and Heather Gadue, Lonnie filed a petition for modification of the parties' decree, which awarded Heather half of his retirement pension. Lonnie claimed a change of circumstances stemming from his diagnosis with post-traumatic stress disorder (PTSD) and initiation of disability payments from his pension. Lonnie challenged Heather's receipt of half of the monthly disability benefit payments and sought to classify these payments as spousal support subject to modification. The district court denied these arguments, and Lonnie appeals. We affirm.

## I. Background Facts and Proceedings

Lonnie and Heather married in 2003 and divorced in 2010.[1] At the time of their divorce, Lonnie was working as a firefighter and entitled to a pension through the Municipal Fire & Police Retirement System of Iowa. The parties stipulated to the terms of their dissolution decree, which awarded Heather half of the pension that accumulated during their marriage.

Lonnie worked as a firefighter for the next five years until he was diagnosed with PTSD. He then qualified for an Iowa Code chapter 411 ordinary disability retirement due to his PTSD. *See* Iowa Code §§ 411.6(3), .1A(1) (2022). This waived any benefit in Lonnie's retirement pension, and he began receiving disability benefit payments, half of which were paid to Heather.

In 2022, Lonnie filed a petition for modification, claiming a substantial change in circumstances pursuant to our supreme court's ruling in *In re Marriage*

---

[1] A default judgment was entered against Heather in 2009, which was later set aside, and an amended decree was entered in 2010.

*of Miller*, 966 N.W.2d 630, 639 (Iowa 2021), which held "future payments from a chapter 411 ordinary disability benefit are income and not property and thus not subject to equitable division because they replace income that an individual would have earned if not for an injury causing the disability." According to Lonnie, "as [his] retirement account is a benefit [he] earned under [c]hapter 411, it is now classified as income and therefore no longer subject to distribution."

Following a hearing, the district court entered an order denying Lonnie's petition for modification. Lonnie appeals.

## II.    Standard of Review

"A proceeding to modify . . . a marriage dissolution decree subsequent to its entry is triable in equity and reviewed de novo on appeal." *In re Marriage of Mullen-Funderburk*, 696 N.W.2d 607, 609 (Iowa 2005). "[W]e give weight to the findings of the trial court but are not bound by them." *In re Marriage of Sjulin*, 431 N.W.2d 773, 776 (Iowa 1988).

## III.    Analysis

Lonnie argues because he was diagnosed with PTSD and began withdrawing disability from his pension, the monthly payments to Heather have morphed into a form of spousal support. He asserts this form of payment was not provided by the decree and therefore the payments must be reclassified.

"In dissolution-of-marriage cases, marital property is to be divided equitably, considering the factors outlined in Iowa Code section 598.21[(5)]." *In re Marriage of McDermott*, 827 N.W.2d 671, 678 (Iowa 2013) (citation omitted). An equitable

distribution of property based upon these factors "does not require an equal division of assets." *Id.* at 682 (citation omitted).

At the time of their divorce Lonnie and Heather had been married for six years. The parties stipulated to the decree awarding Heather half of Lonnie's retirement pension that accumulated during their marriage. This was the status quo for the last twelve years and would have been the arrangement had Lonnie not started receiving disability payments. It is clear the parties agreed and intended for Lonnie's pension to be divided in their separation. A property distribution is not subject to modification after a dissolution. *See* Iowa Code § 598.21(7). As the district court found:

> The court concludes that the award to [Heather] of one-half of the marital portion of [Lonnie]'s pension is an equitable division of the marital assets at the time the Amended Decree was filed and not alimony.
>
> [Lonnie] had originally obtained a decree that preserved his pension as entirely his. Once the court set aside that decree, [Lonnie] had to negotiate with [Heather] to resolve the pension issue. The parties and their attorneys negotiated what became the Amended Decree. That decree even includes crossed-out sentences and handwritten changes. The parties and their counsel signed the document. The court signed it when presented.
>
> The decree clearly sets forth the parties' intentions regarding property distribution. They understood [Heather] was to receive the future benefit of a monthly payment once [Lonnie] began drawing his pension. But, before he did this, [Lonnie] chose to accept disability payments and not pension payments. Disability payments started far sooner than pension benefits would have begun.
>
> The Iowa Supreme Court has given courts and attorneys guidance on the issue in this case. In *In re Marriage of Miller*, 966 N.W.2d 630 (Iowa 2021) the [c]ourt held that ordinary disability benefits are not marital property, while pensions are marital property. Practically speaking, the court cannot award a spouse a marital portion of the other's disability payments. The court can award a spouse his or her marital portion of the other's pension, however.
>
> Mr. Peabody and Sherman may have had the luxury of the "wayback machine," but that doesn't mean the courts can revisit decrees due to the supreme court's clarification. The amended

decree herein clearly sets forth the parties' intent. Furthermore, a QDRO was provided to the court as instructed.

The marital property order, signed by the attorneys for both parties, identifies [Heather] as an alternate payee. The following language is included in the order prepared by [Lonnie]'s attorney:

1. The Alternate Payee is awarded a dollar amount of the monthly pension from the System to which the Member is otherwise entitled: $501.00. The Alternate Payee shall not be entitled to a proportionate share of any increases in the Member's pension upon entry of this Order or following the Member's retirement.

[Heather]'s equitable portion of the couple's marital property included her share of [Lonnie]'s pension. The QDRO states she is to receive $501.00 per month unless [Lonnie] takes his money before he is eligible. Then, [Heather] would receive a specific lump sum and no monthly payments. To now change this arrangement everyone agreed to would be outside the trial court's authority because it is a property distribution and it is not modifiable. The court concludes the parties did not intend for the monthly benefits to be alimony. They were a property division.

Lonnie attempts to bolster his argument, claiming "the disability benefit must be considered alimony as it is characterized as income as directed by the Iowa Supreme Court in *In re Marriage of Miller*." However, he misses a key difference between *Miller* and this case. In *Miller*, the husband's disability benefits began prior to the finalization of the parties' dissolution. *See* 966 N.W.2d at 634–35. In that situation, the court found the husband's "chapter 411 ordinary disability benefits replace income that [he] would have earned if not for an injury causing the disability and should be treated as income and not property." *Id.* at 635.

Here, however, Lonnie's disability benefits were not in place at the time the decree was entered. As the district court noted, a court can only consider the property at the time of the decree, and the court does not have a magic mirror to look into the future to see how the property might change.

In this case, these funds stem from Lonnie's pension, which the parties agreed to divide. Had Lonnie not begun drawing his pension until retirement,

Heather would have begun receiving payment then, per the decree. To now suggest she not entitled to her portion of retirement benefits simply because Lonnie's benefit is being paid by an alternative method would be inequitable and contrary to the parties' original agreement.

Lonnie also asks the court to grant his petition to modify the original decree based on the factors laid out in Iowa Code section 598.21C, which applies to modification of child, spousal, or medical support orders. However, because we have found the distribution of Lonnie's pension to be part of the parties' agreed-upon property division rather than spousal support, there is no need for us to evaluate whether there should be a modification. It is worth noting, however, a change of the law does not necessarily equate to a change in circumstance.

## VI. Trial Attorney Fees

Lonnie challenges the district court's order that he pay $3630 toward Heather's trial attorney fees. An award of trial attorney fees rests in the sound discretion of the district court. *In re Marriage of Michael*, 839 N.W.2d 630, 639 (Iowa 2013). The key factor to be considered is "the parties' respective abilities to pay." *Id.* We do not disturb a ruling on attorney fees unless the court abused its discretion. *In re Marriage of Wessels*, 542 N.W.2d 486, 491 (Iowa 1995).

Here, the district court noted, "But for [Lonnie]'s request to terminate [Heather]'s right to a portion of his pension, now disability payment, she would not have incurred her attorney fees." The court further found Heather's attorney's time

spent to be "reasonable except for the assistant's time of [three] hours and the time spent developing the fee request." We find no abuse of the court's discretion.

## V.    *Appellate Attorney Fees*

Heather requests appellate attorney fees. "Appellate attorney fees are not a matter of right, but rather rest in this court's discretion." *In re Marriage of Okland*, 699 N.W.2d 260, 270 (Iowa 2005). We consider the needs of the party and the ability of the other party to pay, and the relative merits of appeal. *Id.* We observe Heather has been required to defend the district court's ruling, which we have affirmed in her favor, and both parties have the ability to earn income. Based on the record before us, we determine Lonnie should pay $2000 in appellate attorney fees. The costs of the appeal are assessed to Lonnie.

**AFFIRMED.**